**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | § | |
| *Plaintiff* | § | |
| | § | **P-25-CV-00005-DC** |
| **v.** | § | |
| | § | |
| **BRYAN COLLIER, EXECUTIVE** | § | |
| **DIRECTOR; BOBBY LUMPKIN,** | § | |
| **DIRECTOR; ANGELA CHEVALIER,** | § | |
| **REGIONAL DIRECTOR DIVISION** | § | |
| **IV; BENNY BUNDY, SENIOR** | § | |
| **WARDEN; CRIS LOVE, INSPECTOR** | § | |
| **GENERAL OFFICE OF THE** | § | |
| **INSPECTOR GENERAL; BRIAN** | § | |
| **PATRICK, DIRECTOR OF THE** | § | |
| **OFFICE OF THE INDEPENDENT** | § | |
| **OMBUDSMAN; ERIC NICHOLAS,** | § | |
| **CHAIRMAN FOR TDCJ; MARVIN** | § | |
| **DUNBAR, DIRECTOR, ADMIN** | § | |
| **REVIEW & RISK MANAGEMENT** | § | |
| **DIVISION; MANUEL ENRIQUEZ, JR.,** | § | |
| **CORRECTIONAL OFFICER IV; LUIS** | § | |
| **A. PEREZ, CORRECTIONAL** | § | |
| **OFFICER IV; RAUL A. ORTEGA,** | § | |
| **CORRECTIONAL OFFICER III;** | § | |
| **LIEUTENANT FLORES,** | § | |
| **CORRECTIONAL OFFICER; JOHN** | § | |
| **DOE NO. 1, CORRECTIONAL** | § | |
| **OFFICER; KEN PAXTON,** | § | |
| **ATTORNEY GENERAL OF TEXAS;** | § | |
| **TEXAS DEPARTMENT OF** | § | |
| **CRIMINAL JUSTICE, TEXAS** | § | |
| **DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE — CID, JAMES LYNAUGH** | § | |
| **UNIT, TEXAS BOARD OF** | § | |
| **CRIMINAL JUSTICE, OFFICE OF** | § | |
| **THE INDEPENDENT OMBUDSMAN,** | § | |
| **OFFICE OF THE INSPECTOR** | § | |
| **GENERAL, OFFICE OF THE** | § | |
| **ATTORNEY GENERAL,** | § | |
| *Defendants* | § | |

## ORDER DENYING MOTION FOR PERMISSION TO FILE ELECTRONICALLY

Plaintiff's wife has filed a motion asking for permission to file things electronically on behalf of her incarcerated *pro se* husband. [docket number 6]. According to the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases in the Western District

of Texas, a *pro se* litigant, like her husband, is "a person who represents himself or herself in a Court proceeding without the assistance of an attorney. A *Pro Se* Litigant who is incarcerated or on probation or supervised release may not participate in the Electronic Filing System and must file all documents by Traditional Filing."

Where a document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney but cannot be represented by a nonlawyer. *See, e.g., Eagle Associates v. Bank of Montreal,* 926 F.2d 1305, 1308–9 (2d Cir. 1991) (collecting cases). As Judge Garza said in *Turner v. American Bar Ass'n,* 407 F.Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. American Bar Ass'n,* 542 F.2d 56, 59 (8th Cir. 1976) (appeal from multi-district litigation) (affirming in this respect on the basis of the district court opinion), "28 U.S.C.A. §1654 ... only allows for two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself." The Fifth Circuit has cited *Turner* with approval in this respect. *Southwest Express Co. v. Interstate Commerce Commission,* 670 F.2d 53, 55 (5th Cir. 1982).

Since Plaintiff is not currently represented by counsel, electronic filing is not possible in this case. Not being an attorney, Plaintiff's wife cannot practice law on her husband's behalf. Prisoners are not entitled to legal representation by a lay person. *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989). And non-attorney individuals may not use the next-friend device as a pretense for the unauthorized practice of law. *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). "It is well settled that with one narrow exception only licensed lawyers may represent others in court." *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979). The narrow exception applies only to prisoners seeking postconviction habeas relief with the help of "jail-house lawyers," not to

civil-rights actions like the one here. *Id.* But jailhouse lawyers are *not* actually lawyers, and they are not afforded special privileges like attorney-client privilege. *Bonacci*, 868 F.2d at 1443.

Therefore, Plaintiff's wife's Motion for Permission to File Electronically is **DENIED**. [docket number 6].

It is so **ORDERED**.

SIGNED this 10th day of February, 2025.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE