**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-CV-00005** |
| | § | |
| **BRYAN COLLIER, ET AL,** | § | |
| **Defendants.** | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**
**JUDGMENT AND FOR DEFAULT JUDGMENT**

Defendants Raul Ortega and Angela Chevalier, through the Office of the Attorney General of Texas, respectfully request the Court deny Plaintiff Justin DeWayne Wencken's *Motion for Entry of Default Judgment and for Default Judgment*. DE 26.

**STATEMENT OF CASE**

Plaintiff Justin DeWayne Wenckens is an inmate under the custody of the Texas Department of Criminal Justice ("TDCJ"). Wenckens alleges that while housed at the Lynaugh Unit he was assaulted by Correctional Officer Enriquez. DE 1 ("Compl.") at ¶¶37, 47. He further alleges that other Correctional Officers, Luiz Perez, Jeremiah Flores, Raul Ortega, and John Doe #1, failed to prevent the assault and then participated in it. *Id.* at ¶¶47-53. He complains that conditions at the Lynaugh Unit enabled Officer Enriquez to assault him and that the investigation into the alleged assault contained numerous errors. *Id.* at ¶¶80-96, 119-122.

Wenckens brought claims against the above correctional officers and numerous other defendants: TDCJ Executive Director Bryan Collier, TDCJ-CID Director Bobby Lumpkin, Regional Director Angela Chevalier, Senior Warden Benny Bundy, Director of the Office of the Independent Ombudsman Brian Patrick, Chairman of the Texas Board of Criminal Justice Eric Nichols, Director

of the Administrative Review and Risk Management Division Marvin Dunbar, and Attorney General of Texas Ken Paxton and various state agencies. Compl. at ¶¶5-26; *see* DE 8 at 3. Wenckens brought claims pursuant to 42 U.S.C. Section 1983, the Texas Penal Code, and the Texas Torts Claim Act ("TTCA") against all the individual defendants in their individual and official capacities and seeks monetary relief. Compl. at ¶¶98-147. Specifically, Wenckens brought Section 1983 claims for: excessive use of force, bystander liability, conspiracy, conditions of confinement, and failure to train. *Id.*

The Court screened out Wenckens' claims against the state agencies and against Defendants to the extent Wenckens sued them in their official capacity. DE 8 at 10. By May 12, 2025, the Office of the Attorney General had authorization to represent all defendants except Officer Ortega and Director Chevalier. On that day, those represented defendants filed a motion to partially dismiss, addressing all claims except a use-of-force claim against Officer Enriquez and all claims against Officer Ortega and Director Chevalier. DE 20. The Office of the Attorney General filed an *amicus curia* advisory, informing the Court that the undersigned counsel would file an answer or dispositive motion on Officer Ortega and Director Chevalier's behalf by May 19, 2025. DE 21.

The Office of the Attorney General thereafter obtained Officer Ortega's and Director Chevalier's authorization. On May 19, Officer Ortega and Director Chevalier filed a motion for leave to file a motion to dismiss out of time and attached their proposed motion. DE 19. In a text order on May 20, The Court granted leave, and the court clerk administratively filed Officer Ortega and Director Chevalier's motion to partially dismiss. DE 23.

On June 2, 2025, Wenckens' filed his *Motion for Entry of Default Judgment and for Default Judgment.* DE 26. In it, Wenckens requests the Court enter a default judgment against officer Ortega and Director Chevalier. However, the motion was dated May 19, 2025—the same day Officer Ortega and

Director Chevalier requested the Court's leave. *Id.*[1]

## ARGUMENT

Wencken's is not entitled to default judgment against Officer Ortega and Director Chevalier. Under Rule 55, a default is appropriate where a "defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure." *Ocwen Loan Servicing, LLC v. JP Morgan Chase Bank*, No. 1:18-CV-00076-RP, 2018 WL 6796119, at *1 (W.D. Tex. Oct. 24, 2018), *rec. adopted in part sub nom. Ocwen Loan Servicing, LLC v. Bolinger*, No. 1:18-CV-76-RP, 2018 WL 7297881 (W.D. Tex. Nov. 6, 2018) (citing *New York Life Insurance Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)); Fed. R. Civ. P. 55. The Court has broad discretion to enter judgment against defaulting parties. *Ocwen Loan Servicing, LLC*, 2018 WL 6796119, at *1. Still, default judgments are "disfavored and should only be granted in 'extreme situations.'" *Wilmington Sav. Funds Soc'y, FSB v. Owens*, No. W-18-CV-00235-ADA, 2018 WL 7288023, at *2 (W.D. Tex. Dec. 10, 2018) (quoting *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)).

Moreover, where a defendant has "answered, filed a motion to dismiss, or taken some action to otherwise defend," default is inappropriate. *McNeeley v. Experian Info. Sols., Inc.*, No. 4:08CV81, 2008 WL 4525054, at *1 (E.D. Tex. Sept. 29, 2008) (quoting Fed. R. Civ. P. 55(a)) (internal quotations omitted). For instance, when a defendant files a motion for leave to file a responsive pleading out of time, the defendant has taken *some action*. *Id.* (where defendant filed a motion for leave to answer out of time); *see Dixon v. Leopoldo Garza Logistics, Inc.*, No. 5:17-CV-127, 2018 WL 11429240, at *3 (S.D. Tex. Nov. 1, 2018) (setting aside entry of default judgment and granting defendant's motion for leave to file answer).

---

[1] Additionally, on May 30, 2025, Defendants sought a stay of discovery pending resolution of their motions to dismiss. DE 24. The Court denied the motion in a text order on June 2, 2025. The same day, the Court also converted Defendants' motions to dismiss into motions for summary judgment. DE 25.

Here, Wencken's coincidently mailed his motion for default judgment on the same day that Officer Ortega and Director Chevalier filed their *Motion for Leave to File Motion to Dismiss Out of Time.* DE 22, DE 26. Wencken's motion was finally filed on June 2, well after the Court granted Officer Ortega and Director Chevalier's motion for leave and after the Clerk of the Court filed their motion to partially dismiss. *See* DE 23. Because Officer Ortega and Director Chevalier received the Court's leave and currently have a pending motion before the Court, the entry of default is inappropriate. As such, Wencken's motion should be denied.

## CONCLUSION

Defendants respectfully request that the Court deny Wencken's *Motion for Entry of Default Judgment and for Default Judgment.* DE 26.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

*/s/ Jacob I. Pons*
**JACOB I. PONS**
Assistant Attorney General
Attorney-in-Charge
Texas State Bar No. 24139435
Southern District No. 3905173
jacob.pons@oag.texas.gov

4

Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone (512) 463-2080 | Fax (512) 370-9814

**ATTORNEY FOR DEFENDANTS**

5

## NOTICE OF ELECTRONIC FILING

I, **JACOB I. PONS**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true copy of the foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on June 9, 2025.

*/s/ Jacob I. Pons*
**JACOB I. PONS**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **JACOB I. PONS**, Assistant Attorney General of Texas, certify that a correct copy of the foregoing has been served on Plaintiffs by placing it in the United States Mail, Certified Return Receipt Requested within one business day of June 9, 2025, addressed to:

Justin Dewayne Wenckens, TDCJ #02477197 ***CMRRR:***
TDCJ – Robertson Unit
12071 FM 3522
Abilene, TX 79601

**PLAINTIFF** *PRO SE*

*/s/ Jacob I. Pons*
**JACOB I. PONS**
Assistant Attorney General

6