IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

JUSTIN DEWAYNE WENCKENS,
    *Plaintiff*

v.

BRYAN COLLIER, EXECUTIVE
DIRECTOR; INDIVIDUAL
CAPACITY ONLY; BOBBY
LUMPKIN, FORMER DIRECTOR
OF THE TDCJ-CID - INDIVIDUAL
CAPACITY ONLY; BENNY
BUNDY, SENIOR WARDEN;
INDIVIDUAL CAPACITY ONLY;
CRIS LOVE, INSPECTOR
GENERAL OFFICE OF THE
INSPECTOR GENERAL;
INDIVIDUAL CAPACITY ONLY;
MANUEL ENRIQUEZ, JR,
CORRECTIONAL OFFICER IV;
INDIVIDUAL CAPACITY ONLY;
LUIS A. PEREZ, CORRECTIONAL
OFFICER IV; INDIVIDUAL
CAPACITY ONLY; RAUL A.
ORTEGA, CORRECTIONAL
OFFICER III; INDIVIDUAL
CAPACITY ONLY;  LIEUTENANT
FLORES, CORRECTIONAL
OFFICER; INDIVIDUAL
CAPACITY ONLY;  JOHN DOE
NO 1, CORRECTIONAL OFFICER;
INDIVIDUAL CAPACITY ONLY;
AND KEN PAXTON, ATTORNEY
GENERAL OF TEXAS;
INDIVIDUAL CAPACITY ONLY;
    *Defendants*

§
§
§
§
§
§
§
§
§
§
§
§
§
§

P:25-CV-00005-DC

## ORDER

BEFORE THE COURT is the report and recommendation ("R&R") from U. S. Magistrate Judge David B. Fannin concerning Defendants' Motions to Dismiss.[1] Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States

---

[1] Docs. 20, 23.

District Court for the Western District of Texas, the Magistrate Judge issued his report and recommendation on November 12, 2025.[2] Due to an extension to the deadlines to object, Plaintiff Justin Dewayne Wenckens' objections were timely filed on February 2, 2026.[3] The Court **OVERRULES** the objections and **ADOPTS** the R&R.

## <u>LEGAL STANDARD</u>

Title 28, United States Code, Section 636(b) permits a party to serve and file written objections to a magistrate judge's proposed findings or recommendations within fourteen days after being served with a copy of the report and recommendations. The Court will review *de novo* the portions of the report and recommendations objected thereto. When no objections are timely filed, the Court need only review the magistrate judge's report and recommendation for clear error.[4]

Plaintiff objects to the R&R's suggested dismissal of his claims concerning a section 1983 conspiracy, failure to train, and conditions of confinement. Additionally, he objects to the denial of his motion for leave to amend and his request for a *Martinez* report. The Court reviews these matters *de novo*.

No objections have been made, however, as to the R&R's suggested disposition of Plaintiff's excessive force claim, supervisory liability for excessive force, bystander liability claim, and state law claims for aggravated assault and negligence. The Court, therefore, reviews these matters for clear error.

---

[2] Doc. 49.
[3] Doc. 64.
[4] Fed. R. Civ. P. 72 advisory committee's note.

## ANALYSIS

### I.    Section 1983 Conspiracy Claim

Pursuant to 42 U.S.C. § 1983, Plaintiff asserts a conspiracy claim against all Defendants. Principally, he argues that the Defendants conspired to cover up and conceal the alleged use of excessive force that gave rise to this suit. A conspiracy claim under section 1983 requires the plaintiff to "not only allege facts that establish (1) the existence of a conspiracy involving state action, but also (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy."[5] Relevant to this case, a 1983 conspiracy must be a conspiracy to violate Plaintiff's civil rights.[6] Such a conspiracy is not present here. The theory asserted in the complaint is that the conspiracy was born after the alleged excessive force was used and its objective was to conceal that use of force and Plaintiff's injuries. Simply stated, there was no conspiracy *to violate* Plaintiff's rights, only one to allegedly hide a past violation. This is not actionable under 42 U.S.C. § 1983. Accordingly, the Court **OVERRULES** the objections and **GRANTS** the motions to dismiss[7] as to Plaintiff's conspiracy claim against all Defendants.

### II.    Conditions of Confinement Claim

The fourth count of the complaint alleges a section 1983 conditions of confinement claim against Warden Bundy premised on the fact that there are blind spots in the unit's surveillance system. However, as the Defense establishes, the failure to place a camera in a

---

[5] *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019).

[6] *Cf. Navejas v. Jaso*, 700 F. Supp. 3d 532 (W.D. Tex. 2023).

[7] Docs. 20, 23.

particular location is not a condition of confinement.[8] The Constitution "does not require TDCJ to videotape everything that occurs" in the unit.[9]   The Court therefore **OVERRULES** Plaintiff's objections. The motion to dismiss is **GRANTED** as to Plaintiff's conditions of confinement claim.[10]

### III.   Failure to Discipline, Supervise, or Train Claim

In the fifth count of the complaint, Plaintiff alleges that Defendants Bryan Collier, Bobby Lumpkin, Benny Bundy, Cris Love, and Ken Paxton are liable for their failure to appropriately hire, train, assign, discipline, and supervise staff. This argument proceeds on a theory that the Defendants were deliberately indifferent to the substantial risk of serious harm to the Plaintiff. In his objections, Plaintiff argues that the R&R imposes an impossible pleading standard and that demonstrating a pattern of similar constitutional violations is not the only way to establish a deliberate indifference claim.

To successfully allege a section 1983 claim for failure to discipline, supervise, or train, three elements must be met: (1) the supervisor must have failed to train the officers involved, (2) that failure to train must have caused the violation of the plaintiff's rights, and (3) the failure to train must have constituted deliberate indifference.[11] Plaintiff's claims fail on each element.

---

[8] *Moore v. Nixon*, No. 5:16-CV-119-BQ, 2017 WL 11476340 at *5 (N.D. Tex. Apr. 25, 2017), *report and recommendation adopted*, No. 5:16-CV-119-C, 2018 WL 10149999 (N.D. Tex. Jan. 9, 2018).
[9] *Id.*
[10] Doc. 20.
[11] *Jason v. Tanner*, 938 F.3d 191, 197 (5th Cir. 2019).

The first element cannot be satisfied with conclusory statements that there was insufficient training without providing specific facts.[12] As the R&R correctly identified, Plaintiff simply states that Defendants "failed to appropriately hire, train, assign, discipline, and supervise staff" without any more facts to support the claim. Conclusory allegations are not sufficient. As to the second element, the Court agrees with the R&R. The complaint is devoid of facts establishing a causal link between an alleged failure to train or supervise and the alleged violation of Plaintiff's rights. Finally, to show deliberate indifference, a plaintiff normally must allege a "pattern of similar constitutional violations by untrained employees."[13] There is only one mention of another alleged instance of misconduct by Defendant Enriquez, but that is still an unresolved case. Without more, the Court fails to see a pattern of constitutional violations. Without a pattern of misconduct, a plaintiff could still bring a failure to train argument based on a single instance. However, the Fifth Circuit has expressly stated that this is an "extremely narrow" exception applicable only when the government actor was "provided *no training whatsoever*."[14] Additionally, this exception requires proof that the "highly predictable consequence of a failure to train would result in the specific injury suffered."[15] There are no facts to support a finding that the officers "received no training whatsoever" and as such, the exception does not apply.

---

[12] *Cf. Henderson v. Harris Cnty., Texas*, 51 F.4th 125, 131 (5th Cir. 2022).

[13] *Henderson*, 51 F.4th at 131.

[14] *Id.* (emphasis original) (internal quotations removed).

[15] *Id.* (citation modified).

The Court **OVERRULES** the objections and **GRANTS** the motion to dismiss as to Plaintiff's failure to train claim against Bryan Collier, Bobby Lumpkin, Benny Bundy, Cris Love, and Ken Paxton.[16]

### IV.    Motion for Leave to Amend

Plaintiff objects to the Magistrate Judge's recommendation that his request for leave to amend his complaint be denied without prejudice. He argues that such requests should be freely granted, especially for pro se litigants. While Plaintiff correctly identifies that requests for leave to amend should be freely given, such requests should be accompanied by a copy of the amended complaint or at least some notice of what those amendments would be and how they will cure apparent defects.[17] Such details are absent in Plaintiff's original request, thus denying the request without prejudice to refiling it properly is the correct course of action. On the same day he filed objections, Plaintiff properly filed a motion for leave to amend that cured the deficiencies addressed in the R&R. In light of this properly filed motion, the Court **OVERRULES** Plaintiff's objections and denies Plaintiff's original request for leave to amend.[18] However, the Court makes no ruling at this time as to the recently filed motion for leave to amend at ECF Doc. 65.

### V.    Request for a *Martinez* Report

In response to the motions to dismiss, Plaintiff requested that the Court order Defendants to file a *Martinez* report "addressing the factual and legal basis of Plaintiff's §

---

[16] Doc. 20.

[17] *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) ("If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave.").

[18] Doc. 44.

1983 claims."[19] A *Martinez* report is designed to help the district court discern whether *in forma pauperis* prisoner complaints may proceed.[20] Such a tool is not necessary in this case seeing as Plaintiff's claims have already been screened and permitted to proceed. The Court, therefore, **OVERRULES** Plaintiff's objections and denies the request for a *Martinez* report.

## VI.    Claims Assessed Under Clear Error Standard

Neither party filed objections to the Magistrate Judge's recommendation to deny the motion to dismiss as to Plaintiff's claims for excessive force and bystander liability. Similarly, no party objects to the R&R's suggested dismissal of Plaintiff's supervisory liability for excessive force[21] and state law claims. The Court reviews the portions for clear error. Having done so and finding no clear error, the Court accepts and adopts these portions of the report and recommendation as its own order.

The Motions to Dismiss[22] are **DENIED** as to Plaintiff's claims for excessive force and bystander liability.

However, the Motions to Dismiss are **GRANTED** as to Plaintiff's state law claims. Further, the Motion to Dismiss filed at ECF Doc. 20 is **GRANTED** as to Plaintiff's claim alleging supervisory liability for the alleged excessive force against Defendants Bryan Collier, Bobby Lumpkin, Cris Love, and Benny Bundy.

---

[19] *Id.*

[20] *Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022).

[21] Plaintiff objects to the R&R's dismissal of "Plaintiff's supervisory liability and failure-to-train claims for failure to allege a sufficient 'pattern' of prior violations." The substance of this objection is tailored specifically to the R&R's discussion of Plaintiff's claim for failure to discipline, supervise, or train. Nothing within the objections addresses the R&R's recommendation for the dismissal of the claim alleging supervisory liability for the alleged excessive force.

[22] Docs. 20, 23.

## CONCLUSION

For the aforementioned reasons, the Court **OVERRULES** the objections and **ORDERS** the report and recommendation of the Magistrate Judge is **ADOPTED**.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motions to Dismiss.[23] The Motions are **GRANTED** as to Plaintiff's conspiracy, conditions of confinement, failure to train, aggravated assault, and negligence claims. But the Motions are **DENIED** as to Plaintiff's excessive force claim against Defendant Flores and bystander liability claim against Defendants Ortega and Perez.

Further, Plaintiff's request for a *Martinez* report is **DENIED**. Plaintiff's original request for leave to amend his complaint is denied given that a subsequent motion for leave

---

[23] *Id.*

to amend was filed after the R&R was entered curing the deficiencies addressed in the R&R. This ruling does not impact Plaintiff's pending motion for leave to amend filed at ECF Doc. 65.

It is so **ORDERED**.

SIGNED this 28th day of February, 2026.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE