**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | § | |
| **TCDJ NO. 02477197,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **PE:25-CV-00005-DC-DF** |
| | § | |
| **MANUEL ENRIQUEZ, JR., et al.,** | § | |
| *Defendants.* | § | |
| | § | |

## ORDER DENYING MOTION FOR LEAVE

BEFORE THE COURT is Plaintiff Justin Dewayne Wenckens's Motion for Leave to File First Amended Complaint. (Doc. 65). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, Wenckens's Motion is **DENIED**. (Doc. 65).

### BACKGROUND

This case involves multiple alleged constitutional rights violations. (Doc. 1). Plaintiff Justin Dewayne Wenckens, proceeding *pro se*, is an inmate under the custody of the Texas Department of Criminal Justice ("TCDJ"). *Id.* at 5. Wenckens alleges that TCDJ's correctional officers and supervisory officials violated his rights through an excessive use of force and an after-the-fact cover up. (Doc. 65).

Defendants filed Motions to Dismiss, which were granted in part and denied in part. (Doc. 67). Wenckens's conspiracy, conditions of confinement, failure to train, and state law claims were dismissed. *Id.* at 7–8. All that remains are his excessive force and bystander liability claims against Defendants Enriquez, Perez, Ortega, Flores, and John

Doe No. 1 for violations of the Eighth Amendment. *Id.* Before Wenckens's claims were dismissed, he filed the instant Motion for Leave to File First Amended Complaint. (Doc. 65). After receiving an extension, Defendants filed a timely Response. (Doc. 68).

## LEGAL STANDARD

Rule 15(a) mandates that leave to amend must be "freely given when justice so requires." FED. R. CIV. P. 15(a). That said, "leave to amend 'is by no means automatic.'" *Cassone v. Austin Chron. Corp.*, No. 1:23-CV-1197-RP, 2024 WL 4720303, at *3 (W.D. Tex. July 2, 2024) (quoting *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991)). The Court "may consider a variety of factors" in deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

## DISCUSSION

Wenckens's Amended Complaint is futile.[1] (Doc. 65). "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). In analyzing futility, courts apply a Rule 12(b)(6) standard to claims in an amended complaint. *Id.* at 873; *Gaudette v. Angel Care Hospice, LLC*, No. 24-50523, 2025 WL 1419720, at *1 (5th Cir. May 16, 2025) ("[T]o determine futility, we will apply the same standard for legal sufficiency as applies under Rule

---

1. Defendants argue in their Response that leave should be denied because of undue delay and prejudice. (Doc. 68). Because the Court finds granting leave would be futile, it does not address this separate basis for denying leave.

12(b)(6)." (citation and internal quotations omitted)). Thus, an amended complaint is futile if it fails to state claims upon which relief could be granted. *Gaudette*, 2025 WL 1419720, at *1.

In Wenckens's Amended Complaint, he brings claims for excessive force, bystander liability, conspiracy, and supervisory liability. (Doc. 65). The Court will only review Wenckens's conspiracy and supervisory liability claims for futility, given that his excessive force and bystander liability claims were adequately pled in his original Complaint. *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) (finding courts deny leave based on futility if a claim or "theory has been adequately presented in a prior version of the complaint"); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003) ("[A] 'busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.'" (quoting *Freeman v. Cont'l Gin Co.*, 381 F.2s 459, 469 (1967))). Wenckens argues that his conspiracy and supervisory liability claims are not futile because they are brought under new theories. (Doc. 65 at 2). The Court finds that Wenckens does not state claims under either new theory, rendering his Amended Complaint futile.

## I.    Conspiracy

Wenckens argues that his conspiracy claim in his Amended Complaint is not futile because it is pled under a "tacit-agreement theory recognized by the Fifth Circuit." (Doc. 65 at 2). Regardless of the validity of his "tacit-agreement theory," Wenckens's Amended Complaint fails to correct the fundamental issue with his conspiracy claim—the lack of a constitutional deprivation in furtherance of the

conspiracy by a member of the conspiracy. (Doc. 49 at 21); (Doc. 67 at 3) ("Simply stated, there was no conspiracy *to violate* [Wenckens's] rights, only to allegedly hide a past violation.").

In his Amended Complaint, Wenckens once again alleges Defendants conspired to cover up an excessive use of force. (Doc. 65 at 37–38). This is fatal to his conspiracy claim, as Wenckens—in pleading a conspiracy that took place entirely after the alleged constitutional deprivation—has again failed to plead a conspiracy to violate his constitutional rights. (Doc. 67 at 3). For the reasons discussed in the undersigned's prior Report and Recommendation, the cover up Wenckens alleges is not itself a violation of his constitutional rights. (Doc. 47 at 21–23). Wenckens's conspiracy claim is therefore futile. *See Calhoun v. City of Hous. Police Dep't*, 855 F. App'x 714, 719 (5th Cir. 2020) (finding proposed amended complaint futile because district court would have to dismiss it "nominally for the same reasons that it dismissed the operative pleading").

## II.   Supervisory Liability

Wenckens also argues that his Amended Complaint is not futile because it repleads his supervisory liability claim under a ratification theory rather than a pattern-based failure to train theory. (Doc. 65 at 2). Under this new theory, Wenckens claims that Defendants Bundy and Collier are liable for Eighth Amendment violations because they "had notice of unconstitutional force and false reporting" and "approved, accepted, or failed to correct the misconduct." *Id.* at 39.

As discussed in the Court's prior Report and Recommendation, supervisory officials cannot be held vicariously liable for their subordinates' unconstitutional acts.

4

(Doc. 49 at 17) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)). Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivations; or (2) implement unconstitutional policies that casually result in the plaintiff's injuries. *Guillen v. Basse*, No. PE:23-CV-00007-DC-DF, 2023 WL 3741635, at *6 (W.D. Tex. May 30, 2023), *R. & R. adopted*, 2023 WL 4191825 (W.D. Tex. June 25, 2023) (Counts, J.). Wenckens's ratification theory does not fit into either basis for pleading supervisory liability and is therefore futile.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Wenckens's Motion for Leave to File First Amended Complaint. (Doc. 65).

It is so **ORDERED**.

SIGNED this 20th day of March, 2026.

DAVID B. FANNIN

UNITED STATES MAGISTRATE JUDGE