**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | § | |
| **TDCJ NO. 02477197,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **P-25-CV-00005-DC** |
| | § | |
| **MANUEL ENRIQUEZ, JR.,** *et al.*, | § | |
| *Defendants.* | § | |

## PLAINTIFF'S OPPOSED SECOND MOTION FOR APPOINTMENT OF COUNSEL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Justin Dewayne Wenckens, *pro se*, respectfully moves for an order appointing counsel pursuant to 28 U.S.C. 1915(e)(1). In support of the motion, Plaintiff shows as follows:

## I.    BACKGROUND

1.    Plaintiff is incarcerated within the Texas Department of Criminal Justice. Plaintiff filed this Section 1983 proceeding alleging that Defendants violated his constitutional rights. (Doc. 1.) Plaintiff's remaining claims involve multiple correctional officers and issues of excessive use of force and bystander liability under 42 U.S.C. § 1983.

2.    Together with his complaint, Plaintiff also filed a motion to appoint counsel. (Doc. 3.). That motion was denied because the Court felt Plaintiff demonstrated ability to present his case and because the case so far had been resolved without a trial. The order also stated, "Should a trial become necessary, the Court would reconsider this factor *sua sponte*." (Doc. 5 at 4.)

3.    The Court has since issued a scheduling order setting a discovery timeline and notice that a trial date would be determined at a later date. (Doc. 72.)

4.    Plaintiff has only a high school education, receiving his diploma in 1995. Plaintiff briefly attended ITT Tech after high school but did not graduate.

5.     Upon Plaintiff's release from TDCJ in August 2020 until August 2021, he worked for Glasco & Co. Landscaping, Inc. as a General Landscaper making $20/hour; Green Lawn Care as a Landscape Maintenance Foreman from August 2021 until May 2022, making $22/hour. In May 2022, Plaintiff started his own landscape and design company, making roughly $3,000/month.

## II.     INDIGENCY

6.     Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff was granted *in forma pauperis* status on January 28, 2025. (Doc. 4.) Although Plaintiff has diligently prosecuted this case, exceptional circumstances exist that warrant the appointment of counsel.

7.     Plaintiff and his wife filed for Chapter 7 Bankruptcy on April 10, 2026. *See* No. 26-10643-cgb; *In re Michelle Marie Wenckens and Justin Dewayne Wenckens, Debtors*; In the United States Bankruptcy Court for the Western District of Texas. On May 20, 2026, the Chapter 7 Trustee filed a Trustee's Report of No Distribution, certifying that the estate has been fully administered and that there is no property available for distribution. Accordingly, the bankruptcy record serves as conclusive evidence of Plaintiff's indigent status and inability to afford private counsel.

## III.     THE ISSUES PRESENTED ARE LEGALLY AND FACTUALLY COMPLEX

8.     Although there is no constitutional right to appointed counsel in a civil rights action, a district court may request an attorney to represent an indigent litigant under 28 U.S.C. § 1915(e)(1). The Fifth Circuit has held that appointment of counsel is appropriate when exceptional circumstances exist. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

9.     In determining whether exceptional circumstances exist, the Court considers: (1) the type and complexity of the case; (2) the plaintiff's ability to investigate and present the

case; (3) the extent to which the case will require skill in the presentation of evidence and cross-examination; and (4) any other factors relevant to the administration of justice. *Ulmer*, 691 F.2d at 213.

10.     The relevant factors weigh strongly in favor of appointing counsel.

11.     This action involves alleged violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983. Resolution of these claims will require analysis of constitutional standards, qualified immunity issues, and factual disputes concerning the conduct of government officials.

12.     The legal and factual questions presented are beyond the ordinary capabilities of a *pro se* litigant and will require knowledge of federal procedural rules, discovery practice, evidentiary standards, and constitutional law. Navigating federal discovery procedures—specifically involving complex § 1983 bystander liability timelines, multiple defendant depositions, and video camera evaluation—presents an extraordinary legal hurdle that a *pro se* litigant cannot adequately manage alone.

13.     Plaintiff has no formal legal training and lacks the specialized knowledge necessary to protect their rights and efficiently present this case to a jury.

## IV.     PLAINTIFF LACKS THE ABILITY TO ADEQUATELY INVESTIGATE AND PRESENT THE CASE

14.     Plaintiff is proceeding without legal training and lacks the resources necessary to effectively investigate the claims. Plaintiff has limited ability to obtain documents, interview witnesses, conduct depositions, or otherwise develop the evidentiary record.

15.     Plaintiff's incarceration substantially restricts access to legal materials, witnesses, and investigative resources, making meaningful litigation difficult without assistance of counsel.

## V.    THE CASE WILL REQUIRE DISCOVERY AND EFFECTIVE CROSS-EXAMINATION

16.    The facts underlying Plaintiff's claims are disputed and will likely depend upon testimony from Defendants and other witnesses. Resolution of these disputes will require effective cross-examination and the ability to present evidence in accordance with the Federal Rules of Evidence.

17.    As recognized in *Ulmer*, appointment of counsel is particularly appropriate where the presentation of conflicting testimony is likely to determine the outcome of the case. Plaintiff lacks the legal training necessary to adequately perform these tasks.

## VI.    APPOINTMENT OF COUNSEL WOULD PROMOTE THE FAIR AND EFFICIENT ADMINISTRATION OF JUSTICE

18.    Appointment of counsel would assist both the Court and the parties by ensuring that the issues are properly presented and that discovery and motion practice proceed efficiently. Counsel could help narrow the issues, facilitate compliance with procedural requirements, and assist in the development of an adequate factual record.

19.    Because Plaintiff is indigent and unable to retain counsel, appointment is the only realistic means by which Plaintiff can obtain legal representation.

## VII.    PLAINTIFF HAS MADE REASONABLE EFFORTS TO OBTAIN COUNSEL

20.    Plaintiff's wife, on behalf of Plaintiff, has attempted to secure counsel without court assistance but has been unsuccessful. Plaintiff's wife contacted at least 30 lawyer referral services, legal aid organizations and private law firms.

The following law firms and/or attorneys were recently contacted. Each firm stated they were "unable to assist," or "do not have the capacity to take on" his case.

21.     The inability to obtain representation despite diligent efforts further supports the need for court-appointed counsel.

- Ellwanger Henderson LLLP
- Ernster Law Firm, PLLC
- Gaston, L.L.P.
- Holland, Holland, Edwards & Grossman
- Kallinen Law PLLC
- Milton Law Firm
- Minocha Law Firm PLLC
- Palmer Perlstein
- Shouse Law Group
- Smith & Vinson Law Firm
- Spangler Law
- The Estes Law Firm
- Zepeda Law Firm
- Zinda Law Group

22.     Plaintiff and Defendants have all requested a jury trial. A trial in this case will likely involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross-examine witnesses.

## PRAYER

For the foregoing reasons, Plaintiff respectfully requests that the Court exercise its discretion under 28 U.S.C. § 1915(e)(1) and appoint counsel to represent Plaintiff in this matter.

Respectfully submitted,

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

*Plaintiff Pro Se*

## CERTIFICATE OF CONFERENCE

I hereby certify that on my behalf, my wife, Michelle Wenckens conferred with counsel for Defendants, Vishal V. Iyer, regarding this motion. Mr. Iyer opposes the relief requested.

_____
JUSTIN DEWAYNE WENCKENS

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been served via USPS Mail on the following counsel on June 10, 2026:

***Counsel for Defendants:***

**Ken Paxton**
 Attorney General of Texas
**Brent Webster**
 First Assistant Attorney General
**Ralph Molina**
 Deputy First Assistant Attorney General
**Austin Kinghorn**
 Deputy Attorney General for Civil Litigation
**Briana M. Webb**
 Acting Division Chief
 Law Enforcement Defense Division

**VISHAL V. IYER**
 Assistant Attorney General
 Law Enforcement Defense Division
State Bar No. 24106134
S.D. Tex. No. 3379048
Vishal.Iyer@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P. O. Box 12548, Capital Station
Austin, Texas 78711

JUSTIN DEWAYNE WENCKENS

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | § | |
| **TDCJ NO. 02477197,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **P-25-CV-00005-DC** |
| | § | |
| **MANUEL ENRIQUEZ, JR.,** *et al.*, | § | |
| *Defendants*. | § | |

**ORDER GRANTING PLAINTIFF'S OPPOSED
SECOND MOTION TO APPOINT COUNSEL**

On this day, the Court considered Plaintiff's Opposed Second Motion to Appoint Counsel.

(Doc. ___ .) The Court finds that the motion should be **GRANTED.**

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Second Motion to Appoint

Counsel is **GRANTED.**

The following attorney is hereby appointed to represent Plaintiff, Justin Dewayne

Wenckens in this proceeding.

It is so **ORDERED.**

SIGNED this _____ day of June, 2026.

_____

DAVID COUNTS
UNITED STATES DISTRICT JUDGE