# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| JUSTIN DEWAYNE WENCKENS,<br>TDCJ NO. 02477197,<br>　　　*Plaintiff*, | §<br>§<br>§<br>§ | |
| **v.** | §<br>§ | **P-25-CV-00005-DC** |
| MANUEL ENRIQUEZ, JR., *et al.*,<br>　　　*Defendants*. | §<br>§<br>§ | |

## PLAINTIFF'S OPPOSED MOTION TO EXTEND
## DISCOVERY AND RELATED SCHEDULING ORDER DEADLINES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Justin Dewayne Wenckens respectfully moves for an extension of the discovery deadline, the deadline to identify the remaining John Doe Defendant, and the dispositive motions deadline. In support thereof, Plaintiff would respectfully show:

## I.　　BACKGROUND

1. On April 28, 2026, the Court entered a Scheduling Order establishing a discovery deadline of June 15, 2026, to identify the remaining John Doe Defendant, and a dispositive motions deadline of July 15, 2026.

2. This action arises under 42 U.S.C. § 1983 and involves claims of excessive force and bystander liability against multiple correctional officers.

3. Since the beginning of May 2026, Plaintiff's unit has been subject to its annual institutional lockdown. During this period, Plaintiff's access to legal resources and litigation-related activities has been significantly restricted.

4. In addition to the lockdown, the unit experienced multiple interruptions in Wi-Fi and electronic communication services, further limiting Plaintiff's ability to conduct legal research, prepare discovery requests, and litigate this matter.

5. Despite these restrictions, Plaintiff diligently prepared and served interrogatories, requests for admission and requests for production upon Defendants on June 10, 2026.

6. Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendants' responses are not due until after the current June 15, 2026, discovery deadline.

7. Consequently, Plaintiff cannot review Defendants' discovery responses, identify the remaining John Doe Defendant, evaluate the adequacy of the responses, seek supplementation if necessary, or conduct follow-up discovery before expiration of the current deadlines.

## II. GOOD CAUSE EXISTS FOR MODIFICATION OF THE SCHEDULING ORDER

8. Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order upon a showing of good cause.

9. Plaintiff has acted diligently under the circumstances. The need for an extension is not the result of neglect or delay, but rather institutional restrictions beyond Plaintiff's control and the practical reality that Defendants' discovery responses will not become due until after the current discovery deadline has expired.

10. Absent an extension, Plaintiff will be deprived of any meaningful opportunity to review discovery responses, identify the remaining John Doe Defendant, pursue follow-up discovery, and adequately prepare this matter for dispositive motions and trial.

11. Plaintiff's request is made in good faith and not for purposes of delay.

12. The requested extension will promote resolution of this matter on the merits and will not unfairly prejudice Defendants.

## III. REQUESTED RELIEF

13.  Plaintiff respectfully requests that the Court modify the Scheduling Order as follows:

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Discovery Deadline | June 15, 2026 | September 15, 2026 |
| Deadline to Identify John Doe Defendant | June 15, 2026 | September 15, 2026 |
| Dispositive Motions Deadline | July 15, 2026 | October 15, 2026 |

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant this Motion, extend the discovery deadline to September 15, 2026, extend the deadline to identify the remaining John Doe Defendant to September 15, 2026, extend the dispositive motions deadline to October 15, 2026, and grant such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

*Plaintiff Pro Se*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on my behalf, my wife, Michelle Wenckens conferred with counsel for Defendants, Vishal V. Iyer, regarding this motion. Mr. Iyer opposes the relief requested.

_____
JUSTIN DEWAYNE WENCKENS

**CERTIFICATE OF SERVICE**

In accordance with the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been served via USPS Mail on the following counsel on June 10, 2026:

*Counsel for Defendants:*

**Ken Paxton**
  Attorney General of Texas
**Brent Webster**
  First Assistant Attorney General
**Ralph Molina**
  Deputy First Assistant Attorney General
**Austin Kinghorn**
  Deputy Attorney General for Civil Litigation
**Briana M. Webb**
  Acting Division Chief
  Law Enforcement Defense Division

**VISHAL V. IYER**
  Assistant Attorney General
  Law Enforcement Defense Division
State Bar No. 24106134
S.D. Tex. No. 3379048
Vishal.Iyer@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P. O. Box 12548, Capital Station
Austin, Texas 78711

JUSTIN DEWAYNE WENCKENS