**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** *Plaintiff,* | § | |
| | § | |
| **v.** | § | **PE:25-CV-00005-DC** |
| | § | |
| **MANUEL ENRIQUEZ, JR., et al.,** *Defendants.* | § | |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Before the Court is Plaintiff Justin Dewayne Wenckens' Opposed Second Motion for Appointment of Counsel. (Doc. 73). After due consideration, Wenckens' Motion is **DENIED WITHOUT PREJUDICE**.

**DISCUSSION**

28 U.S.C. § 1915(e)(1) gives courts discretion to appoint counsel to represent indigent parties. A trial court "is not required to appoint counsel . . . unless the case presents exceptional circumstances." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). Courts analyze whether exceptional circumstances are present in deciding whether the appointment of counsel is required. *Nickols v. Morris*, 705 F. Supp. 579, 584 (N.D. Tex. 2010) ("[A] motion for appointment of an attorney under § 1915 should not be granted absent exceptional circumstances."); *Harmon v. Nguyen*, No. 14-CV-2038, 2015 WL 153697, at *2 (N.D. Tex. Jan. 12, 2015) (denying motion to appoint counsel because "Plaintiff has not demonstrated exceptional circumstances justifying appointment of counsel"). Courts evaluate whether a case presents exceptional circumstances using the factors of: (1) the type and complexity of the case; (2) the petitioner's ability to present and investigate his case; (3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and (4) the likelihood that appointment will

benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).

This case does not present exceptional circumstances as to necessitate the appointment of counsel. Courts have routinely declined to appoint counsel in similar civil rights cases involving excessive force. *Lewis v. Brengesty*, 385 F. App'x 395, 397 (5th Cir. 2010) (affirming denial of counsel in § 1983 action alleging excessive force); *Arzabala v. Weems*, No. 21-CV-268, 2022 WL 22835387, at *1 (N.D. Tex Aug. 26, 2022) ("The circumstances and nature of this action—including claims for excessive force and denial of adequate medical care—are not particularly complex or unique."). The Court also notes the capability with which Wenckens has been able to present his case thus far. *Gilbert v. French*, 364 F. App'x 76, 84 (5th Cir. 2010) (affirming denial of counsel in excessive force case because "plaintiff's pleadings and motions [were] lengthy, detailed, articulate, and adequately researched"). Accordingly, the Court declines to appoint counsel at this time. Should this case proceed to trial, the Court may—on its own motion—reconsider whether the circumstances warrant the appointment of counsel. *Arzabala*, 2022 WL 228587, at *2.

## CONCLUSION

For the foregoing reasons, Wenckens' Opposed Second Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**. (Doc. 73).

It is so **ORDERED**.

SIGNED this 14th day of August, 2026.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE