**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,**<br>**TDCJ NO. 02477197,**<br>***Plaintiff*,** | § § § | |
| | § | |
| **v.** | § | **P-25-CV-00005-DC** |
| | § | |
| **MANUEL ENRIQUEZ, JR., *et al.*,**<br>***Defendants*.** | § § | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR BRIEF EXTENSION OF DISCOVERY DEADLINE**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Justin Dewayne Wenckens, proceeding pro se, pursuant to Federal Rules of Civil Procedure 16(b)(4), 33(b), 34(b), and 37(a), respectfully moves to compel Defendants to serve their overdue discovery responses and requests a limited extension of the discovery deadline sufficient to permit Plaintiff to receive and use the discovery previously served. In support, Plaintiff states:

1. The Court's April 28, 2026, Scheduling Order originally set June 15, 2026, as the discovery deadline and expressly made Plaintiff responsible for identifying the remaining John Doe Defendant after discovery.

2. On June 9, 2026, Plaintiff timely served written discovery directed to the existing Defendants seeking information relevant to the surviving excessive-force and bystander-liability claims, including information intended to assist Plaintiff in identifying correctional officers involved in or present during the July 20, 2024, incident.

3. Among the discovery requested was identifying information and photographs or other materials that would permit Plaintiff, who knew the involved officers by appearance but did

not know all of their names, to associate names with the officers he observed during the incident and in the available video evidence.

4. Plaintiff has not received Defendants' responses to the written discovery. Plaintiff therefore has not received the requested identifying materials or the other discovery necessary to evaluate the surviving claims and Defendants' factual assertions.

5. On August 14, 2026, the Court granted Plaintiff's Opposed Motion to Extend Discovery and Related Scheduling Order Deadlines. The Court found good cause based upon the institutional restrictions Plaintiff faces as an incarcerated litigant and extended both the discovery deadline and the deadline to identify and serve the John Doe Defendant through September 15, 2026.

6. The requested discovery was particularly important to the identification of John Doe No. 1. Although Plaintiff ultimately identified that officer as Officer David Rodriguez through the information available to him, the absence of discovery responses materially complicated and delayed that identification.

7. Prior to and during this litigation, Plaintiff's wife made multiple public-information requests seeking records concerning the incident, some of which resulted in requests for rulings from the Texas Attorney General, but those efforts did not provide Plaintiff with the discovery sought through the formal discovery requests served in this action.

8. The discovery remains relevant notwithstanding Plaintiff's identification of Officer Rodriguez. Defendants' pending Motion for Summary Judgment relies upon disputed assertions concerning which officers were present, when they arrived, what each officer observed, what force was used, and whether officers had an opportunity to intervene. The requested discovery may bear directly on those surviving excessive-force and bystander-liability issues.

9. Plaintiff has filed his response to Defendants' Motion for Summary Judgment without the benefit of the overdue discovery rather than further delay his response. Plaintiff does not seek to postpone consideration of the case unnecessarily; he seeks an order requiring production of discovery that was previously served and a reasonable opportunity to review and use that material if appropriate.

10. Because the September 15, 2026, discovery deadline has now passed, Plaintiff also requests a limited extension under Rules 6(b)(1)(B) and 16(b)(4). Plaintiff has diligently pursued discovery, and the failure to obtain responses was outside his control. The requested relief is made promptly, in good faith, and is not sought for purposes of delay.

11. Plaintiff requests that Defendants be ordered to serve complete responses to Plaintiff's outstanding written discovery within fourteen (14) days of the Court's Order and that discovery be extended for thirty (30) days after service of complete responses, solely to permit Plaintiff to review the responses, address any deficiencies, and use the produced material as permitted by the Federal Rules of Civil Procedure and any further order of the Court.

12. Before filing this Motion, Plaintiff, through his wife Michelle Wenckens, attempted in good faith to confer with counsel for Defendants regarding the overdue discovery and the relief requested herein. At the time of filing, a response had not been received.

13. Copies of the outstanding discovery requests and proof of service are attached to this Motion as Exhibits A-D.

## **Argument**

14. Federal Rules of Civil Procedure 33 and 34 require timely responses to properly served interrogatories and requests for production. Rule 37(a) permits a party to move for an order compelling answers or production when the opposing party fails to respond. Rule 37(a)(1) also

requires a certification that the movant has in good faith conferred or attempted to confer with the party failing to provide discovery.

15. Good cause also exists for the limited scheduling modification requested under Rule 16(b)(4). The Court has already found that Plaintiff's institutional restrictions as an incarcerated litigant constituted good cause to extend discovery. Plaintiff timely pursued discovery but has not received the responses necessary to complete that process. The requested extension is narrow: it is tied to production of discovery already served and is intended to permit Plaintiff a meaningful opportunity to review and use those responses.

16. The requested relief will not unfairly prejudice Defendants. It does not seek to reopen discovery for unrelated new requests. Rather, Plaintiff asks the Court to require responses to discovery already served and to allow a short period after production to address those responses. The information sought is relevant to the surviving claims and to factual issues Defendants themselves place at issue in their pending Motion for Summary Judgment.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court: (1) compel Defendants to serve complete responses to Plaintiff's outstanding written discovery within fourteen (14) days; (2) extend discovery for thirty (30) days after service of complete responses for the limited purpose described above; (3) find good cause and, to the extent necessary, excusable neglect for the requested post-deadline extension; and (4) grant Plaintiff such other and further relief to which he may be entitled.

Dated: September 17, 2026.

Respectfully submitted,

_____________________________________

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

**Certificate of Conference**

I hereby certify that on my behalf, my wife, Michelle Wenckens, attempted to confer with counsel for Defendants, Jordan Grundhoefer, regarding this motion. At the time of filing, a response had not been received. If a response is received, Plaintiff will update the Court accordingly.

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197

<u>**Certificate of Service**</u>

In accordance with the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been served via USPS Priority Mail on the following counsel on September 17, 2026:

***Counsel for Defendants:***

**Ken Paxton**
Attorney General of Texas
**Brent Webster**
First Assistant Attorney General
**Ralph Molina**
Deputy First Assistant Attorney General
**Austin Kinghorn**
Deputy Attorney General for Civil Litigation
**Briana M. Webb**
Acting Division Chief
Law Enforcement Defense Division

**JORDAN GRUNDHOEFER**
Assistant Attorney General
Law Enforcement Defense Division
jordan.grundhoefer@oag.texas.gov
Law Enforcement Defense Division
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | § | |
| **TDCJ NO. 02477197,** | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **P-25-CV-00005-DC** |
| | § | |
| **MANUEL ENRIQUEZ, JR., *et al.*,** | § | |
| ***Defendants*.** | § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR BRIEF EXTENSION OF DISCOVERY DEADLINE**

On this day, the Court considered Plaintiff's Motion to Compel Discovery Responses and for Brief Extension of Discovery Deadline. The Court finds that the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendants shall serve complete responses to Plaintiff's outstanding written discovery within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that the discovery deadline is extended for thirty (30) days after service of Defendants' complete discovery responses, limited to Plaintiff's review of those responses, efforts to resolve any deficiencies, and use of the produced material as permitted by the Federal Rules of Civil Procedure and further order of the Court.

It is so **ORDERED**.

SIGNED this _____ day of ____________________, 2026.

____________________________________
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

Gmail Michelle Wenckens <mmwenckens@gmail.com>

# No. P:25-CV-00005-DC; Justin Dewayne Wenckens v. Manuel Enriquez, Jr., et al.

**Michelle Wenckens** <mmwenckens@gmail.com> Tue, Jun 9, 2026 at 6:04 AM
To: vishal.iyer@oag.texas.gov

I am sending this email and attachments on behalf of Justin Wenckens.

Please find attached to this email two [redacted], alongside Plaintiff's First Set of Interrogatories, First Request for Production of Documents, and First Request for Admissions directed to Defendants, served today, June 8, 2026, pursuant to Federal Rules of Civil Procedure 33, 34, and 36.

**I. Urgent Request to Extend Discovery Deadline (Scheduling Order)**

Justin's unit has been on its annual lockdown for the past 45 days and his ability to get these completed has been difficult. Pursuant to the Court's Scheduling Order, the parties must complete discovery on or before next Monday, June 15, 2026. The order explicitly permits the parties to continue discovery beyond this deadline by mutual agreement without Court intervention.

To allow your office sufficient time to review the settlement proposals and comply with the discovery requests, Plaintiff requests to extend the discovery completion deadline by sixty (60) days, from June 15, 2026, to August 17, 2026.

Because the Court will not intervene post-deadline, Plaintiff requires your written consent to this extension by **Thursday, June 11, 2026**. If Defendants decline to extend discovery by mutual agreement, please consider this email your mandatory Rule 7(i) conference, as Plaintiff will immediately file an emergency Motion for Extension of Time with the Court before the June 15 deadline expires.

[redacted]

[redacted]

- [redacted]
- [redacted].

**III. Subpoena Notice regarding TDCJ Records**

Please be advised that Plaintiff is concurrently preparing a Federal Rule of Civil Procedure 45 Subpoena duces tecum to be served directly upon the Texas Department of Criminal Justice (TDCJ) Custodian of Records. This subpoena will legally compel the production of all unredacted fixed-wing corridor camera footage, handheld video, body-worn camera footage, use-of-force logs, and Internal Affairs investigation reports tied to this incident. If Defendants wish to avoid third-party subpoena litigation, they may produce these items voluntarily through the attached Requests for Production.

**IV. Designation of Outside Communication Liaison**

Due to ongoing operational disruptions and facility-wide lockdowns at the TDCJ Coffield Unit, and to facilitate the efficient exchange of discovery and settlement negotiations, Plaintiff explicitly designates his spouse, Michelle Wenckens, as his authorized outside liaison. Counsel for Defendants is requested and authorized to send all responsive correspondence and discovery answers to:

Michelle Wenckens
1897 Lauraine Ln.
Brenham, Texas 77833
Phone: (979) 337-4414

mmwenckens@gmail.com

Plaintiff maintains absolute control over this litigation, has reviewed and approved this communication. Official service remains designated to the Plaintiff at his facility address pursuant to Fed. R. Civ. P. 5.

Please let me know your position on the 60-day extension by Thursday.

Sincerely,

Michelle Wenckens

---

**6 attachments**

**Raul Ortega.pdf**
55K

**Luis Perez.pdf**
55K

[redacted]

**Manuel Enriquez.pdf**
56K

**Jeremiah Flores.pdf**
55K

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | **§** | |
| **TDCJ NO. 02477197,** | **§** | |
| ***Plaintiff,*** | **§** | |
| | **§** | |
| **v.** | **§** | **P-25-CV-00005-DC** |
| | **§** | |
| **MANUEL ENRIQUEZ, JR., *et al.*,** | **§** | |
| ***Defendants.*** | **§** | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MANUEL ENRIQUEZ, JR.**

**TO: Defendant Manuel Enriquez, Jr., by and through his counsel of record, the Office of the Attorney General of Texas.**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff propounds the following Interrogatories to Defendant Manuel Enriquez, Jr. Please answer each Interrogatory separately and fully in writing, under oath, within the time permitted by the Federal Rules of Civil Procedure. If any interrogatory is answered by reference to records, identify the records with sufficient detail to permit Plaintiff to locate and review them.

Respectfully submitted,

______________________________
JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

**Designation of Outside Communication Liaison:**

Due to ongoing operational disruptions and facility-wide lockdowns at the TDCJ Coffield Unit, and to facilitate the efficient exchange of discovery, Plaintiff explicitly designates his spouse, Michelle Wenckens, as his authorized outside liaison. Counsel for Defendants is requested and authorized to send all responsive correspondence and discovery answers to:

Michelle Wenckens
1897 Lauraine Ln.
Brenham, Texas 77833
Phone: (979) 337-4414
mmwenckens@gmail.com

Plaintiff maintains absolute control over this litigation, has reviewed and approved this communication. Official service remains designated to the Plaintiff at his facility address pursuant to Fed. R. Civ. P. 5.

## DEFINITIONS

1. “**Concerning**” means relating to, referring to, describing, evidencing or constituting.

2. “**Communication**” includes any oral, written, electronic, or recorded statement, message, discussion, or exchange.

3. “**Defendant**” means the responding Defendant and all persons acting on his behalf.

4. “**Document**” has the broadest meaning permitted by Fed. R. Civ. P. 34 and includes writings, photographs, videos, audio recordings, electronically stored information, reports, logs, memoranda, emails, text messages, and copies.

5. “**Identify**” (when referring to a person) means state the person’s full name, rank or job title, TDCJ employee number if known, and current unit assignment if known.

6. “**Identify**” (when referring to documents) means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

7. “**Incident**” means the events occurring on or about July 20, 2024, at the James Lynaugh Unit involving Plaintiff.

8. “**Person**” means any natural person or business, legal or governmental entity or association.

9. “**Plaintiff**” means Justin Dewayne Wenckens.

10. “**TDCJ**” includes the Texas Department of Criminal Justice, the James Lynaugh Unit, and any agents, employees, divisions, offices, or contractors acting on its behalf.

11. “**You**” and “**your**” mean Defendant Manuel Enriquez, Jr., and anyone acting on his behalf.

## INTERROGATORIES

**INTERROGATORY NO. 1:**
State your full name, current job title or rank, TDCJ employee number or badge number, current unit assignment, post, shift, and duties on July 20, 2024, at the James Lynaugh Unit.

**ANSWER:**

**INTERROGATORY NO. 2:**
Describe in detail your exact location, position, and duties during the two hours before, during, and the two hours after the Incident, including whether you could observe Plaintiff's position.

**ANSWER:**

**INTERROGATORY NO. 3:**
Describe in detail your version of everything that occurred during the Incident, including the sequence of events, all statements made by Plaintiff, all statements made by staff, all physical actions taken by any person, the timing of those events, and all facts supporting any contention that force was necessary or justified.

**ANSWER:**

**INTERROGATORY NO. 4:**
State whether Plaintiff was restrained, handcuffed, compliant, prone, secured, or otherwise physically controlled at any time during the Incident, and if so identify when that occurred and for how long.

**ANSWER:**

**INTERROGATORY NO. 5:**
Identify every correctional officer, supervisor, inmate, medical provider, investigator, or other person who was present for any part of the Incident or its aftermath, and state each person's name, job title or relationship to the Incident, and what each person did or observed.

**ANSWER:**

**INTERROGATORY NO. 6:**
Identify the officer referred to in Plaintiff's Complaint as "John Doe," including the officer's full name, rank, TDCJ employee number if known, and assignment on July 20, 2024. If you cannot identify that person from your personal knowledge, state all facts and information known to you that would assist in identifying that officer, including the names, ranks, and shift assignments of all male TDCJ employees assigned to your cell block, wing, or work area during the relevant shift.

**ANSWER:**

**INTERROGATORY NO. 7:**
State whether you contend Plaintiff disobeyed any order, threatened any person, resisted staff, assaulted staff, attempted to assault staff, possessed a weapon, threw coffee or any other liquid, or attempted escape, and for each contention state all facts, witnesses, recordings, reports, documents, and evidence supporting the contention.

**ANSWER:**

**INTERROGATORY NO. 8:**
State whether you observed any Defendant use force against Plaintiff. If so, identify the Defendant, describe the force observed, state whether Plaintiff was restrained or otherwise controlled at the time, and describe all facts showing what opportunity you had to intervene, stop, report, or prevent the force.

**ANSWER:**

**INTERROGATORY NO. 9:**
Describe every use of force applied to Plaintiff during the Incident, including each strike, push, takedown, restraint, handcuffing procedure, hold, pressure technique, chemical agent use, or other physical contact, and for each act identify who performed it, when it occurred, and why it occurred.

**ANSWER:**

**INTERROGATORY NO. 10:**
State whether, before, during, or after the use of force, you had the opportunity and ability to intervene or seek assistance to stop or limit the force used against Plaintiff. If so, describe the facts supporting that opportunity or ability.

**ANSWER:**

**INTERROGATORY NO. 11:**
Identify every object you possessed or used during the Incident, including keys, radio, restraints, chemical agents, baton, handcuffs, or any other item, and state how each object was used and whether it made contact with Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 12:**
Identify all written reports, incident reports, use-of-force reports, offense reports, witness statements, disciplinary reports, memoranda, emails, notes, or other documents you prepared, reviewed, received, or relied upon concerning the Incident, and state whether you signed, amended, or supplemented any such document.

**ANSWER:**

**INTERROGATORY NO. 13:**
Identify all recordings or photographs depicting any part of the Incident or its aftermath, including surveillance footage, fixed-camera footage, handheld footage, body-camera footage, audio recordings, or photographs, and state who created or maintained each item and whether any such item was lost, overwritten, deleted, destroyed, or not preserved.

**ANSWER:**

**INTERROGATORY NO. 14:**
Describe all communications you had with any Defendant, supervisor, investigator, grievance officer, OIG personnel, medical provider, or TDCJ official concerning the Incident, including the date, participants, method of communication, and substance of each communication.

**ANSWER:**

**INTERROGATORY NO. 15:**
State whether you reviewed any video, report, statement, grievance, investigative file, or other material concerning the Incident before answering these interrogatories. If so, identify each item reviewed.

**ANSWER:**

**INTERROGATORY NO. 16:**
Describe all injuries you contend Plaintiff sustained, including when each injury occurred, how each injury occurred, who observed the injuries, what treatment was provided or requested, and when Plaintiff was transported for medical treatment.

**ANSWER:**

**INTERROGATORY NO. 17:**
State whether you contend that you or any staff member sustained any injury during the Incident, and for each alleged injury describe the injury, when it occurred, what caused it, what treatment was provided, and identify all facts supporting your contention that Plaintiff caused the injury.

**ANSWER:**

**INTERROGATORY NO. 18:**
Identify all policies, procedures, post orders, training materials, use-of-force rules, or guidelines that you contend governed staff conduct during the Incident, and state whether you contend your conduct complied with each such policy, procedure, rule, or guideline.

**ANSWER:**

**INTERROGATORY NO. 19:**
Describe all training you received before July 20, 2024, concerning use of force, de-escalation, duty to intervene, reporting excessive force, inmate medical emergencies, evidence preservation, and reporting staff misconduct, including the approximate date, provider, and subject matter of each training.

**ANSWER:**

**INTERROGATORY NO. 20:**
State whether, before July 20, 2024, you were involved in, accused of, investigated for, or named in any complaint, grievance, disciplinary proceeding, lawsuit, use-of-force review, or OIG investigation involving allegations of excessive force, inmate assault, dishonesty, or reporting misconduct, and for each matter state the date, location, nature of the allegation, disposition, and discipline imposed, if any.

**ANSWER:**

**INTERROGATORY NO. 21:**
State all facts supporting each affirmative defense asserted in your Answer or that you contend may apply in this case, including qualified immunity, good-faith use of force, lack of causation, or any other defense, and identify all witnesses and documents supporting each defense.

**ANSWER:**

**INTERROGATORY NO. 22:**
Describe the condition of the scene immediately after the Incident, including the presence and location of blood, physical evidence, clothing, restraints, disturbed ground, dirt, debris, and any visible injuries to Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 23:**
Describe all cleanup, washing, alteration, movement, or removal of blood, physical evidence, clothing, restraints, or other materials from the scene, including who performed the cleanup, who ordered or authorized it, when it occurred, what was removed or altered, and whether photographs or documentation were made beforehand.

**ANSWER:**

**INTERROGATORY NO. 24:**
State whether any blood samples, clothing, photographs, biological evidence, or other physical evidence from the scene were collected, preserved, tested, discarded, destroyed, or transferred, and identify all persons involved.

**ANSWER:**

**INTERROGATORY NO. 25:**
State whether any grievance, complaint, outside complaint, or report concerning the Incident was made by Plaintiff or any other person, and describe the response, if any, taken by TDCJ, any supervisor, investigator, or other official.

**ANSWER:**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | § | |
| **TDCJ NO. 02477197,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **P-25-CV-00005-DC** |
| | § | |
| **MANUEL ENRIQUEZ, JR., *et al.*,** | § | |
| ***Defendants.*** | § | |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT MANUEL ENRIQUEZ, JR.**

**TO: Defendant Manuel Enriquez, Jr., by and through his counsel of record, the Office of the Attorney General of Texas.**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Justin Dewayne Wenckens requests that Defendant Manuel Enriquez, Jr. admit or deny each of the following statements within the time allowed by the Federal Rules of Civil Procedure.

Respectfully submitted,

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

**Designation of Outside Communication Liaison:**

Due to ongoing operational disruptions and facility-wide lockdowns at the TDCJ Coffield Unit, and to facilitate the efficient exchange of discovery, Plaintiff explicitly designates his spouse, Michelle Wenckens, as his authorized outside liaison. Counsel for Defendants is requested and authorized to send all responsive correspondence and discovery answers to:

Michelle Wenckens
1897 Lauraine Ln.
Brenham, Texas 77833
Phone: (979) 337-4414
mmwenckens@gmail.com

Plaintiff maintains absolute control over this litigation, has reviewed and approved this communication. Official service remains designated to the Plaintiff at his facility address pursuant to Fed. R. Civ. P. 5.

## DEFINITIONS

1. "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

2. "**Communication**" includes any oral, written, electronic, or recorded statement, message, discussion, or exchange.

3. "**Defendant**" means the responding Defendant and all persons acting on his behalf.

4. "**Document**" has the broadest meaning permitted by Fed. R. Civ. P. 34 and includes writings, photographs, videos, audio recordings, electronically stored information, reports, logs, memoranda, emails, text messages, and copies.

5. "**Identify**" (when referring to a person) means state the person's full name, rank or job title, TDCJ employee number if known, and current unit assignment if known.

6. "**Identify**" (when referring to documents) means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

7. "**Incident**" means the events occurring on or about July 20, 2024, at the James Lynaugh Unit involving Plaintiff.

8. "**Person**" means any natural person or business, legal or governmental entity or association.

9. "**Plaintiff**" means Justin Dewayne Wenckens.

10. "**TDCJ**" includes the Texas Department of Criminal Justice, the James Lynaugh Unit, and any agents, employees, divisions, offices, or contractors acting on its behalf.

11. "**You**" and "**your**" mean Defendant Manuel Enriquez, Jr., and anyone acting on his behalf.

## REQUEST FOR ADMISSION

**Request No. 1:** Admit that you were employed as a Correctional Officer at the James Lynaugh Unit on July 20, 2024.

**Request No. 2:** Admit that You were on duty at the James Lynaugh Unit on July 20, 2024.

**Request No. 3:** Admit that You were present during the incident involving Plaintiff on July 20, 2024.

**Request No. 4:** Admit that on July 20, 2024, at the time of your interaction with the Plaintiff, you were acting within the course end scope of your official duties.

**Request No. 5:** Admit that You made physical contact with Plaintiff during the incident.

**Request No. 6:** Admit that You struck Plaintiff during the incident.

**Request No. 7:** Admit that You used a fist or closed hand to strike Plaintiff during the incident.

**Request No. 8:** Admit that You used a set of brass keys or another object in Your hand when You struck Plaintiff.

**Request No. 9:** Admit that Plaintiff was handcuffed during some or all of the incident.

**Request No. 10:** Admit that Plaintiff was on the ground during some or all of the incident.

**Request No. 11:** Admit that Plaintiff was not armed with a weapon during the incident.

**Request No. 12:** Admit that Plaintiff did not physically strike You before You struck Plaintiff.

**Request No. 13:** Admit that Plaintiff did not strike, kick, or attempt to strike you at any point during the incident.

**Request No. 14:** Admit that Plaintiff did not pose an immediate physical threat to You when You struck Plaintiff.

**Request No. 15:** Admit that you continued to deploy physical force against Plaintiff after he was handcuffed.

**Request No. 16:** Admit that You did not issue a verbal warning to Plaintiff before striking him.

**Request No. 17:** Admit that You did not first attempt to use a lesser amount of force before striking Plaintiff.

**Request No. 18:** Admit that You did not use force against Plaintiff in response to a prison disturbance or riot.

**Request No. 19:** Admit that You did not strike Plaintiff because Plaintiff had already attacked You with a weapon.

**Request No. 20:** Admit that You did not summon medical assistance for Plaintiff before or during the incident.

**Request No. 21:** Admit that You were not ordered by a supervisor to strike Plaintiff.

**Request No. 22:** Admit that You knew, before July 20, 2024, that correctional officers are expected to use only the amount of force reasonably necessary under the circumstances.

**Request No. 23:** Admit that You knew, before July 20, 2024, that correctional officers must not use force maliciously or for the purpose of causing harm.

**Request No. 24:** Admit that You prepared, reviewed, or signed a report concerning the incident.

**Request No. 25:** Admit that any report You prepared concerning the incident states that Plaintiff was the initial aggressor.

**Request No. 26:** Admit that any report You prepared concerning the incident does not state that Plaintiff had a weapon.

**Request No. 27:** Admit that any report You prepared concerning the incident does not state that You suffered an injury before striking Plaintiff.

**Request No. 28:** Admit that any report You prepared concerning the incident does not state that You were unable to control Plaintiff without striking him.

**Request No. 29:** Admit that Plaintiff bleeding from the head was visible to you immediately following the incident.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | § | |
| **TDCJ NO. 02477197,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **P-25-CV-00005-DC** |
| | § | |
| **MANUEL ENRIQUEZ, JR.,** ***et al.,*** | § | |
| ***Defendants.*** | § | |

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT MANUEL ENRIQUEZ, JR.**

**TO: Defendant Manuel Enriquez, Jr., by and through his counsel of record, the Office of the Attorney General of Texas.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Justin Dewayne Wenckens requests that Defendant Manuel Enriquez, Jr. produce the documents and electronically stored information described below within the time allowed by the Federal Rules of Civil Procedure. Electronically stored information shall be produced in paper form.

Respectfully submitted,

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

**Designation of Outside Communication Liaison:**

Due to ongoing operational disruptions and facility-wide lockdowns at the TDCJ Coffield Unit, and to facilitate the efficient exchange of discovery, Plaintiff explicitly designates his spouse, Michelle Wenckens, as his authorized outside liaison. Counsel for Defendants is requested and authorized to send all responsive correspondence and discovery answers to:

Michelle Wenckens
1897 Lauraine Ln.
Brenham, Texas 77833
Phone: (979) 337-4414
mmwenckens@gmail.com

Plaintiff maintains absolute control over this litigation, has reviewed and approved this communication. Official service remains designated to the Plaintiff at his facility address pursuant to Fed. R. Civ. P. 5.

## DEFINITIONS

1. “**Concerning**” means relating to, referring to, describing, evidencing or constituting.

2. “**Communication**” includes any oral, written, electronic, or recorded statement, message, discussion, or exchange.

3. “**Defendant**” means the responding Defendant and all persons acting on his behalf.

4. “**Document**” has the broadest meaning permitted by Fed. R. Civ. P. 34 and includes writings, photographs, videos, audio recordings, electronically stored information, reports, logs, memoranda, emails, text messages, and copies.

5. “**Identify**” (when referring to a person) means state the person’s full name, rank or job title, TDCJ employee number if known, and current unit assignment if known.

6. “**Identify**” (when referring to documents) means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

7. “**Incident**” means the events occurring on or about July 20, 2024, at the James Lynaugh Unit involving Plaintiff.

8. “**Person**” means any natural person or business, legal or governmental entity or association.

9. “**Plaintiff**” means Justin Dewayne Wenckens.

10. “**TDCJ**” includes the Texas Department of Criminal Justice, the James Lynaugh Unit, and any agents, employees, divisions, offices, or contractors acting on its behalf.

11. “**You**” and “**your**” mean Defendant Manuel Enriquez, Jr., and anyone acting on his behalf.

12. If any requested material is withheld on the basis of privilege, identify it in a privilege log sufficient to permit assessment of the claim.

13. If any responsive document no longer exists, state when and how it was lost, destroyed, or discarded, and identify who had custody of it.

## REQUESTS FOR PRODUCTION

**Request No. 1:** All video recordings, audio recordings, photographs, surveillance footage, handheld recordings, body-worn camera recordings, and screenshots concerning the Incident.

**Request No. 2:** All recordings and video from before, during, and after the Incident, including footage depicting Plaintiff, Defendant Enriquez, and any other officer, inmate, or staff member involved.

**Request No. 3:** All use-of-force reports, incident reports, after-action reports, preliminary investigation reports, and final investigation reports concerning the Incident.

**Request No. 4:** All disciplinary case summaries, referrals, tickets, charges, or investigative notes concerning Plaintiff arising out of the Incident.

**Request No. 5:** All documents reflecting the identity, job title, rank, badge number, employee number, shift, and duty post of every officer or staff member present during the Incident.

**Request No. 6:** All duty rosters, shift schedules, post assignments, gate logs, movement logs, and housing-unit logs for July 20, 2024.

**Request No. 7:** All documents reflecting the chain of command or supervisory personnel on duty on July 20, 2024, at the James Lynaugh Unit.

**Request No. 8:** All radio logs, call logs, communication logs, incident command logs, and communications records concerning the Incident.

**Request No. 9:** All preservation notices, retention directives, litigation hold notices, or evidence preservation communications relating to the Incident.

**Request No. 10:** All documents reflecting any download, duplication, copying, review, editing, transfer, or deletion of any recording or electronic evidence concerning the Incident.

**Request No. 11:** All medical records, injury reports, sick call records, clinic notes, nursing notes, physician notes, EMT records, transport records, and hospital referral documents concerning Plaintiff from July 20, 2024, through his transfer from the unit.

**Request No. 12:** All photographs, injury documentation, body charts, medical assessment forms, and intake screening forms concerning Plaintiff after the Incident.

**Request No. 13:** All documents concerning Plaintiff's transport to Pecos County Memorial Hospital, including ambulance records, transfer forms, discharge documents, and hospital referral documents.

**Request No. 14:** All documents concerning any investigation by the Office of the Inspector General, Internal Affairs, or any other investigative unit relating to the Incident.

**Request No. 15:** All witness statements, staff statements, inmate statements, summaries, interview notes, or transcripts concerning the Incident.

**Request No. 16:** All policies, procedures, directives, training materials, lesson plans, or memoranda in effect on July 20, 2024, concerning use of force, inmate restraint, officer intervention, reporting use-of-force incidents, preservation of evidence, and video retention.

**Request No. 17:** All documents reflecting training provided to Defendant Enriquez concerning use of force, use-of-restraint, and reporting requirements from January 1, 2020, to the present.

**Request No. 18:** All documents reflecting training provided to staff at the James Lynaugh Unit concerning evidence preservation and use-of-force incidents from January 1, 2020, to the present.

**Request No. 19:** All grievances, grievance responses, grievance logs, and rulings concerning the Incident.

**Request No. 20:** All documents reflecting communications between TDCJ and any defendant concerning the Incident, Plaintiff, the use of force, or the investigation of the Incident.

**Request No. 21:** All disciplinary hearing packets and any related offense reports regarding the incident.

**Request No. 22:** All records of past complaints or disciplinary actions taken against the Defendant Enriquez.

**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | **§** | |
| **TDCJ NO. 02477197,** | **§** | |
| ***Plaintiff,*** | **§** | |
| | **§** | |
| **v.** | **§** | **P-25-CV-00005-DC** |
| | **§** | |
| **MANUEL ENRIQUEZ, JR., *et al.*,** | **§** | |
| ***Defendants.*** | **§** | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT RAUL ORTEGA**

**TO: Defendant Raul Ortega, by and through his counsel of record, the Office of the Attorney General of Texas.**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff propounds the following Interrogatories to Defendant Raul Ortega. Please answer each Interrogatory separately and fully in writing, under oath, within the time permitted by the Federal Rules of Civil Procedure. If any interrogatory is answered by reference to records, identify the records with sufficient detail to permit Plaintiff to locate and review them.

Respectfully submitted,

_______________________________
JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

**Designation of Outside Communication Liaison:**

Due to ongoing operational disruptions and facility-wide lockdowns at the TDCJ Coffield Unit, and to facilitate the efficient exchange of discovery, Plaintiff explicitly designates his spouse, Michelle Wenckens, as his authorized outside liaison. Counsel for Defendants is requested and authorized to send all responsive correspondence and discovery answers to:

Michelle Wenckens
1897 Lauraine Ln.
Brenham, Texas 77833
Phone: (979) 337-4414
mmwenckens@gmail.com

Plaintiff maintains absolute control over this litigation, has reviewed and approved this communication. Official service remains designated to the Plaintiff at his facility address pursuant to Fed. R. Civ. P. 5.

## DEFINITIONS

1. "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

2. "**Communication**" includes any oral, written, electronic, or recorded statement, message, discussion, or exchange.

3. "**Defendant**" means the responding Defendant and all persons acting on his behalf.

4. "**Document**" has the broadest meaning permitted by Fed. R. Civ. P. 34 and includes writings, photographs, videos, audio recordings, electronically stored information, reports, logs, memoranda, emails, text messages, and copies.

5. "**Identify**" (when referring to a person) means state the person's full name, rank or job title, TDCJ employee number if known, and current unit assignment if known.

6. "**Identify**" (when referring to documents) means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

7. "**Incident**" means the events occurring on or about July 20, 2024, at the James Lynaugh Unit involving Plaintiff.

8. "**Person**" means any natural person or business, legal or governmental entity or association.

9. "**Plaintiff**" means Justin Dewayne Wenckens.

10. "**TDCJ**" includes the Texas Department of Criminal Justice, the James Lynaugh Unit, and any agents, employees, divisions, offices, or contractors acting on its behalf.

11. "**You**" and "**your**" mean Defendant Manuel Enriquez, Jr., and anyone acting on his behalf.

## INTERROGATORIES

**INTERROGATORY NO. 1:**
State your full name, current job title or rank, TDCJ employee number or badge number, current unit assignment, post, shift, and duties on July 20, 2024, at the James Lynaugh Unit.

**ANSWER:**

**INTERROGATORY NO. 2:**
Describe in detail your exact location, position, and duties during the two hours before, during, and the two hours after the Incident, including whether you could observe Plaintiff's position.

**ANSWER:**

**INTERROGATORY NO. 3:**
Describe in detail your version of everything that occurred during the Incident, including the sequence of events, all statements made by Plaintiff, all statements made by staff, all physical actions taken by any person, the timing of those events, and all facts supporting any contention that force was necessary or justified.

**ANSWER:**

**INTERROGATORY NO. 4:**
State whether Plaintiff was restrained, handcuffed, compliant, prone, secured, or otherwise physically controlled at any time during the Incident, and if so identify when that occurred and for how long.

**ANSWER:**

**INTERROGATORY NO. 5:**
Identify every correctional officer, supervisor, inmate, medical provider, investigator, or other person who was present for any part of the Incident or its aftermath, and state each person's name, job title or relationship to the Incident, and what each person did or observed.

**ANSWER:**

**INTERROGATORY NO. 6:**
Identify the officer referred to in Plaintiff's Complaint as "John Doe," including the officer's full name, rank, TDCJ employee number if known, and assignment on July 20, 2024. If you cannot identify that person from your personal knowledge, state all facts and information known to you that would assist in identifying that officer, including the names, ranks, and shift assignments of all male TDCJ employees assigned to your cell block, wing, or work area during the relevant shift.

**ANSWER:**

**INTERROGATORY NO. 7:**
State whether you contend Plaintiff disobeyed any order, threatened any person, resisted staff, assaulted staff, attempted to assault staff, possessed a weapon, threw coffee or any other liquid, or attempted escape, and for each contention state all facts, witnesses, recordings, reports, documents, and evidence supporting the contention.

**ANSWER:**

**INTERROGATORY NO. 8:**
State whether you observed any Defendant use force against Plaintiff. If so, identify the Defendant, describe the force observed, state whether Plaintiff was restrained or otherwise controlled at the time, and describe all facts showing what opportunity you had to intervene, stop, report, or prevent the force.

**ANSWER:**

**INTERROGATORY NO. 9:**
Describe every use of force applied to Plaintiff during the Incident, including each strike, push, takedown, restraint, handcuffing procedure, hold, pressure technique, chemical agent use, or other physical contact, and for each act identify who performed it, when it occurred, and why it occurred.

**ANSWER:**

**INTERROGATORY NO. 10:**
State whether, before, during, or after the use of force, you had the opportunity and ability to intervene or seek assistance to stop or limit the force used against Plaintiff. If so, describe the facts supporting that opportunity or ability.

**ANSWER:**

**INTERROGATORY NO. 11:**
Describe every action you took during the Incident, including moving inmates away, approaching Plaintiff, restraining Plaintiff, placing or assisting with handcuffs, holding Plaintiff down, escorting Plaintiff, or using any force against Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 12:**
State in detail whether you observed Defendant Enriquez strike Plaintiff, use keys or any other object, or continue to use force after Plaintiff was on the ground or restrained, and describe exactly what you observed.

**ANSWER:**

**INTERROGATORY NO. 13:**
Identify all recordings or photographs depicting any part of the Incident or its aftermath, including surveillance footage, fixed-camera footage, handheld footage, body-camera footage, audio recordings, or photographs, and state who created or maintained each item and whether any such item was lost, overwritten, deleted, destroyed, or not preserved.

**ANSWER:**

**INTERROGATORY NO. 14:**
Describe all communications you had with any Defendant, supervisor, investigator, grievance officer, OIG personnel, medical provider, or TDCJ official concerning the Incident, including the date, participants, method of communication, and substance of each communication.

**ANSWER:**

**INTERROGATORY NO. 15:**
State whether you reviewed any video, report, statement, grievance, investigative file, or other material concerning the Incident before answering these interrogatories. If so, identify each item reviewed.

**ANSWER:**

**INTERROGATORY NO. 16:**
Describe all injuries you contend Plaintiff sustained, including when each injury occurred, how each injury occurred, who observed the injuries, what treatment was provided or requested, and when Plaintiff was transported for medical treatment.

**ANSWER:**

**INTERROGATORY NO. 17:**
State whether you contend that you or any staff member sustained any injury during the Incident, and for each alleged injury describe the injury, when it occurred, what caused it, what treatment was provided, and identify all facts supporting your contention that Plaintiff caused the injury.

**ANSWER:**

**INTERROGATORY NO. 18:**
Identify all policies, procedures, post orders, training materials, use-of-force rules, or guidelines that you contend governed staff conduct during the Incident, and state whether you contend your conduct complied with each such policy, procedure, rule, or guideline.

**ANSWER:**

**INTERROGATORY NO. 19:**
Describe all training you received before July 20, 2024, concerning use of force, de-escalation, duty to intervene, reporting excessive force, inmate medical emergencies, evidence preservation, and reporting staff misconduct, including the approximate date, provider, and subject matter of each training.

**ANSWER:**

**INTERROGATORY NO. 20:**
State whether, before July 20, 2024, you were involved in, accused of, investigated for, or named in any complaint, grievance, disciplinary proceeding, lawsuit, use-of-force review, or OIG investigation involving allegations of excessive force, inmate assault, dishonesty, or reporting misconduct, and for each matter state the date, location, nature of the allegation, disposition, and discipline imposed, if any.

**ANSWER:**

**INTERROGATORY NO. 21:**
State all facts supporting each affirmative defense asserted in your Answer or that you contend may apply in this case, including qualified immunity, good-faith use of force, lack of causation, or any other defense, and identify all witnesses and documents supporting each defense.

**ANSWER:**

**INTERROGATORY NO. 22:**
Describe the condition of the scene immediately after the Incident, including the presence and location of blood, physical evidence, clothing, restraints, disturbed ground, dirt, debris, and any visible injuries to Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 23:**
Describe all cleanup, washing, alteration, movement, or removal of blood, physical evidence, clothing, restraints, or other materials from the scene, including who performed the cleanup, who ordered or authorized it, when it occurred, what was removed or altered, and whether photographs or documentation were made beforehand.

**ANSWER:**

**INTERROGATORY NO. 24:**
State whether any blood samples, clothing, photographs, biological evidence, or other physical evidence from the scene were collected, preserved, tested, discarded, destroyed, or transferred, and identify all persons involved.

**ANSWER:**

**INTERROGATORY NO. 25:**
State whether any grievance, complaint, outside complaint, or report concerning the Incident was made by Plaintiff or any other person, and describe the response, if any, taken by TDCJ, any supervisor, investigator, or other official.

**ANSWER:**

I **IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | **§** | |
| **TDCJ NO. 02477197,** | **§** | |
| ***Plaintiff,*** | **§** | |
| | **§** | |
| **v.** | **§** | **P-25-CV-00005-DC** |
| | **§** | |
| **MANUEL ENRIQUEZ, JR., *et al.*,** | **§** | |
| ***Defendants*.** | **§** | |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT RAUL ORTEGA**

**TO: Defendant Raul Ortega, by and through his counsel of record, the Office of the Attorney General of Texas.**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Justin Dewayne Wenckens requests that Defendant Raul Ortega admit or deny each of the following statements within the time allowed by the Federal Rules of Civil Procedure.

Respectfully submitted,

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

**Designation of Outside Communication Liaison:**

Due to ongoing operational disruptions and facility-wide lockdowns at the TDCJ Coffield Unit, and to facilitate the efficient exchange of discovery, Plaintiff explicitly designates his spouse, Michelle Wenckens, as his authorized outside liaison. Counsel for Defendants is requested and authorized to send all responsive correspondence and discovery answers to:

Michelle Wenckens
1897 Lauraine Ln.
Brenham, Texas 77833
Phone: (979) 337-4414
mmwenckens@gmail.com

Plaintiff maintains absolute control over this litigation, has reviewed and approved this communication. Official service remains designated to the Plaintiff at his facility address pursuant to Fed. R. Civ. P. 5.

## DEFINITIONS

1. "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

2. "**Communication**" includes any oral, written, electronic, or recorded statement, message, discussion, or exchange.

3. "**Defendant**" means the responding Defendant and all persons acting on his behalf.

4. "**Document**" has the broadest meaning permitted by Fed. R. Civ. P. 34 and includes writings, photographs, videos, audio recordings, electronically stored information, reports, logs, memoranda, emails, text messages, and copies.

5. "**Identify**" (when referring to a person) means state the person's full name, rank or job title, TDCJ employee number if known, and current unit assignment if known.

6. "**Identify**" (when referring to documents) means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

7. "**Incident**" means the events occurring on or about July 20, 2024, at the James Lynaugh Unit involving Plaintiff.

8. "**Person**" means any natural person or business, legal or governmental entity or association.

9. "**Plaintiff**" means Justin Dewayne Wenckens.

10. "**TDCJ**" includes the Texas Department of Criminal Justice, the James Lynaugh Unit, and any agents, employees, divisions, offices, or contractors acting on its behalf.

11. "**You**" and "**your**" mean Defendant Manuel Enriquez, Jr., and anyone acting on his behalf.

## REQUEST FOR ADMISSION

**Request No. 1:** Admit that you were employed as a Correctional Officer at the James Lynaugh Unit on July 20, 2024.

**Request No. 2:** Admit that You were on duty at the James Lynaugh Unit on July 20, 2024.

**Request No. 3:** Admit that You were present during the incident involving Plaintiff on July 20, 2024.

**Request No. 4:** Admit that on July 20, 2024, at the time of your interaction with the Plaintiff, you were acting within the course end scope of your official duties.

**Request No. 5:** Admit that your line of sight to Plaintiff was completely unobstructed at the time Officer Enriquez struck Plaintiff.

**Request No. 6:** Admit that your line of sight to Plaintiff was completely unobstructed at the time Officer Flores struck Plaintiff.

**Request No. 7:** Admit that you witnessed Officer Doe lay on top of Plaintiff.

**Request No. 8:** Admit that you observed Plaintiff's hands were secured in handcuffs while Officer Enriquez was still striking Plaintiff.

**Request No. 9:** Admit that you observed Plaintiff's hands were secured in handcuffs while Officer Flores was still striking Plaintiff.

**Request No. 10:** Admit that you did not observe Plaintiff attempt to strike, kick, or bite Officer Enriquez at any point during the restraint.

**Request No. 11:** Admit that you did not observe Plaintiff attempt to strike, kick, or bite Officer Flores at any point during the restraint.

**Request No. 12:** Admit that you did not give a verbal command or instruction to Officer Enriquez to stop striking Plaintiff.

**Request No. 13:** Admit that you did not give a verbal command or instruction to Officer Flores to stop striking Plaintiff.

**Request No. 14:** Admit that you did not physically place your body between Officer Enriquez and Plaintiff.

**Request No. 15:** Admit that you did not physically place your body between Officer Flores and Plaintiff.

**Request No. 16:** Admit that you did not touch or attempt to pull Officer Enriquez away from Plaintiff during the deployment of force.

**Request No. 17:** Admit that you did not touch or attempt to pull Officer Flores away from Plaintiff during the deployment of force.

**Request No. 18:** Admit that Plaintiff was handcuffed during some or all of the incident.

**Request No. 19:** Admit that Plaintiff was on the ground during some or all of the incident.

**Request No. 20:** Admit that Plaintiff was not armed with a weapon during the incident.

**Request No. 21:** Admit that You did not summon medical assistance for Plaintiff before or during the incident.

**Request No. 22:** Admit that you knew the TDCJ's Use of Force Policy prohibited striking a handcuffed individual.

**Request No. 23:** Admit that You knew, before July 20, 2024, that correctional officers are expected to use only the amount of force reasonably necessary under the circumstances.

**Request No. 24:** Admit that You knew, before July 20, 2024, that correctional officers must not use force maliciously or for the purpose of causing harm.

**Request No. 25:** Admit that You prepared, reviewed, or signed a report concerning the incident.

**Request No. 26:** Admit that any report You prepared concerning the incident states that Plaintiff was the initial aggressor.

**Request No. 27:** Admit that any report You prepared concerning the incident does not state that Plaintiff had a weapon.

**Request No. 28:** Admit that Plaintiff bleeding from the head was visible to you immediately following the incident.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | **§** | |
| **TDCJ NO. 02477197,** | **§** | |
| ***Plaintiff,*** | **§** | |
| | **§** | |
| **v.** | **§** | **P-25-CV-00005-DC** |
| | **§** | |
| **MANUEL ENRIQUEZ, JR., *et al.*,** | **§** | |
| ***Defendants*.** | **§** | |

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT RAUL ORTEGA**

**TO: Defendant Raul Ortega, by and through his counsel of record, the Office of the Attorney General of Texas.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Justin Dewayne Wenckens requests that Defendant Raul Ortega produce the documents and electronically stored information described below within the time allowed by the Federal Rules of Civil Procedure. Electronically stored information shall be produced in paper form.

Respectfully submitted,

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

**Designation of Outside Communication Liaison:**

Due to ongoing operational disruptions and facility-wide lockdowns at the TDCJ Coffield Unit, and to facilitate the efficient exchange of discovery, Plaintiff explicitly designates his spouse, Michelle Wenckens, as his authorized outside liaison. Counsel for Defendants is requested and authorized to send all responsive correspondence and discovery answers to:

Michelle Wenckens
1897 Lauraine Ln.
Brenham, Texas 77833
Phone: (979) 337-4414
mmwenckens@gmail.com

Plaintiff maintains absolute control over this litigation, has reviewed and approved this communication. Official service remains designated to the Plaintiff at his facility address pursuant to Fed. R. Civ. P. 5.

## DEFINITIONS

1. “**Concerning**” means relating to, referring to, describing, evidencing or constituting.

2. “**Communication**” includes any oral, written, electronic, or recorded statement, message, discussion, or exchange.

3. “**Defendant**” means the responding Defendant and all persons acting on his behalf.

4. “**Document**” has the broadest meaning permitted by Fed. R. Civ. P. 34 and includes writings, photographs, videos, audio recordings, electronically stored information, reports, logs, memoranda, emails, text messages, and copies.

5. “**Identify**” (when referring to a person) means state the person’s full name, rank or job title, TDCJ employee number if known, and current unit assignment if known.

6. “**Identify**” (when referring to documents) means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

7. “**Incident**” means the events occurring on or about July 20, 2024, at the James Lynaugh Unit involving Plaintiff.

8. “**Person**” means any natural person or business, legal or governmental entity or association.

9. “**Plaintiff**” means Justin Dewayne Wenckens.

10. “**TDCJ**” includes the Texas Department of Criminal Justice, the James Lynaugh Unit, and any agents, employees, divisions, offices, or contractors acting on its behalf.

11. “**You**” and “**your**” mean Defendant Manuel Enriquez, Jr., and anyone acting on his behalf.

12. If any requested material is withheld on the basis of privilege, identify it in a privilege log sufficient to permit assessment of the claim.

13. If any responsive document no longer exists, state when and how it was lost, destroyed, or discarded, and identify who had custody of it.

## REQUESTS FOR PRODUCTION

**Request No. 1:** All video recordings, audio recordings, photographs, surveillance footage, handheld recordings, body-worn camera recordings, and screenshots concerning the Incident.

**Request No. 2:** All recordings and video from before, during, and after the Incident, including footage depicting Plaintiff, Defendant Ortega, and any other officer, inmate, or staff member involved.

**Request No. 3:** All use-of-force reports, incident reports, after-action reports, preliminary investigation reports, and final investigation reports concerning the Incident.

**Request No. 4:** All disciplinary case summaries, referrals, tickets, charges, or investigative notes concerning Plaintiff arising out of the Incident.

**Request No. 5:** All documents reflecting the identity, job title, rank, badge number, employee number, shift, and duty post of every officer or staff member present during the Incident.

**Request No. 6:** All duty rosters, shift schedules, post assignments, gate logs, movement logs, and housing-unit logs for July 20, 2024.

**Request No. 7:** All documents reflecting the chain of command or supervisory personnel on duty on July 20, 2024, at the James Lynaugh Unit.

**Request No. 8:** All radio logs, call logs, communication logs, incident command logs, and communications records concerning the Incident.

**Request No. 9:** All preservation notices, retention directives, litigation hold notices, or evidence preservation communications relating to the Incident.

**Request No. 10:** All documents reflecting any download, duplication, copying, review, editing, transfer, or deletion of any recording or electronic evidence concerning the Incident.

**Request No. 11:** All medical records, injury reports, sick call records, clinic notes, nursing notes, physician notes, EMT records, transport records, and hospital referral documents concerning Plaintiff from July 20, 2024, through his transfer from the unit.

**Request No. 12:** All photographs, injury documentation, body charts, medical assessment forms, and intake screening forms concerning Plaintiff after the Incident.

**Request No. 13:** All documents concerning Plaintiff's transport to Pecos County Memorial Hospital, including ambulance records, transfer forms, discharge documents, and hospital referral documents.

**Request No. 14:** All documents concerning any investigation by the Office of the Inspector General, Internal Affairs, or any other investigative unit relating to the Incident.

**Request No. 15:** All witness statements, staff statements, inmate statements, summaries, interview notes, or transcripts concerning the Incident.

**Request No. 16:** All policies, procedures, directives, training materials, lesson plans, or memoranda in effect on July 20, 2024, concerning use of force, inmate restraint, officer intervention, reporting use-of-force incidents, preservation of evidence, and video retention.

**Request No. 17:** All documents reflecting training provided to Defendant Enriquez concerning use of force, use-of-restraint, and reporting requirements from January 1, 2020, to the present.

**Request No. 18:** All documents reflecting training provided to staff at the James Lynaugh Unit concerning evidence preservation and use-of-force incidents from January 1, 2020, to the present.

**Request No. 19:** All grievances, grievance responses, grievance logs, and rulings concerning the Incident.

**Request No. 20:** All documents reflecting communications between TDCJ and any defendant concerning the Incident, Plaintiff, the use of force, or the investigation of the Incident.

**Request No. 21:** All disciplinary hearing packets and any related offense reports regarding the incident.

**Request No. 22:** All records of past complaints or disciplinary actions taken against the Defendant Ortega.

**EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | **§** | |
| **TDCJ NO. 02477197,** | **§** | |
| ***Plaintiff,*** | **§** | |
| | **§** | |
| **v.** | **§** | **P-25-CV-00005-DC** |
| | **§** | |
| **MANUEL ENRIQUEZ, JR., *et al.*,** | **§** | |
| ***Defendants.*** | **§** | |

**<u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LUIS PEREZ</u>**

**TO: Defendant Luis Perez, by and through his counsel of record, the Office of the Attorney General of Texas.**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff propounds the following Interrogatories to Defendant Luis Perez. Please answer each Interrogatory separately and fully in writing, under oath, within the time permitted by the Federal Rules of Civil Procedure. If any interrogatory is answered by reference to records, identify the records with sufficient detail to permit Plaintiff to locate and review them.

Respectfully submitted,


_______________________________
JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

**Designation of Outside Communication Liaison:**

Due to ongoing operational disruptions and facility-wide lockdowns at the TDCJ Coffield Unit, and to facilitate the efficient exchange of discovery, Plaintiff explicitly designates his spouse, Michelle Wenckens, as his authorized outside liaison. Counsel for Defendants is requested and authorized to send all responsive correspondence and discovery answers to:

Michelle Wenckens
1897 Lauraine Ln.
Brenham, Texas 77833
Phone: (979) 337-4414
mmwenckens@gmail.com

Plaintiff maintains absolute control over this litigation, has reviewed and approved this communication. Official service remains designated to the Plaintiff at his facility address pursuant to Fed. R. Civ. P. 5.

## DEFINITIONS

1. “**Concerning**” means relating to, referring to, describing, evidencing or constituting.

2. “**Communication**” includes any oral, written, electronic, or recorded statement, message, discussion, or exchange.

3. “**Defendant**” means the responding Defendant and all persons acting on his behalf.

4. “**Document**” has the broadest meaning permitted by Fed. R. Civ. P. 34 and includes writings, photographs, videos, audio recordings, electronically stored information, reports, logs, memoranda, emails, text messages, and copies.

5. “**Identify**” (when referring to a person) means state the person’s full name, rank or job title, TDCJ employee number if known, and current unit assignment if known.

6. “**Identify**” (when referring to documents) means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

7. “**Incident**” means the events occurring on or about July 20, 2024, at the James Lynaugh Unit involving Plaintiff.

8. “**Person**” means any natural person or business, legal or governmental entity or association.

9. “**Plaintiff**” means Justin Dewayne Wenckens.

10. “**TDCJ**” includes the Texas Department of Criminal Justice, the James Lynaugh Unit, and any agents, employees, divisions, offices, or contractors acting on its behalf.

## INTERROGATORIES

**INTERROGATORY NO. 1:**
State your full name, current job title or rank, TDCJ employee number or badge number, current unit assignment, post, shift, and duties on July 20, 2024, at the James Lynaugh Unit.

**ANSWER:**

**INTERROGATORY NO. 2:**
Describe in detail your exact location, position, and duties during the two hours before, during, and the two hours after the Incident, including whether you could observe Plaintiff's position.

**ANSWER:**

**INTERROGATORY NO. 3:**
Describe in detail your version of everything that occurred during the Incident, including the sequence of events, all statements made by Plaintiff, all statements made by staff, all physical actions taken by any person, the timing of those events, and all facts supporting any contention that force was necessary or justified.

**ANSWER:**

**INTERROGATORY NO. 4:**
State whether Plaintiff was restrained, handcuffed, compliant, prone, secured, or otherwise physically controlled at any time during the Incident, and if so identify when that occurred and for how long.

**ANSWER:**

**INTERROGATORY NO. 5:**
Identify every correctional officer, supervisor, inmate, medical provider, investigator, or other person who was present for any part of the Incident or its aftermath, and state each person's name, job title or relationship to the Incident, and what each person did or observed.

**ANSWER:**

**INTERROGATORY NO. 6:**
Identify the officer referred to in Plaintiff's Complaint as "John Doe," including the officer's full name, rank, TDCJ employee number if known, and assignment on July 20, 2024. If you cannot identify that person from your personal knowledge, state all facts and information known to you that would assist in identifying that officer, including the names, ranks, and shift assignments of all male TDCJ employees assigned to your cell block, wing, or work area during the relevant shift.

**ANSWER:**

**INTERROGATORY NO. 7:**
State whether you contend Plaintiff disobeyed any order, threatened any person, resisted staff, assaulted staff, attempted to assault staff, possessed a weapon, threw coffee or any other liquid, or attempted escape, and for each contention state all facts, witnesses, recordings, reports, documents, and evidence supporting the contention.

**ANSWER:**

**INTERROGATORY NO. 8:**
State whether you observed any Defendant use force against Plaintiff. If so, identify the Defendant, describe the force observed, state whether Plaintiff was restrained or otherwise controlled at the time, and describe all facts showing what opportunity you had to intervene, stop, report, or prevent the force.

**ANSWER:**

**INTERROGATORY NO. 9:**
Describe every use of force applied to Plaintiff during the Incident, including each strike, push, takedown, restraint, handcuffing procedure, hold, pressure technique, chemical agent use, or other physical contact, and for each act identify who performed it, when it occurred, and why it occurred.

**ANSWER:**

**INTERROGATORY NO. 10:**
State whether, before, during, or after the use of force, you had the opportunity and ability to intervene or seek assistance to stop or limit the force used against Plaintiff. If so, describe the facts supporting that opportunity or ability.

**ANSWER:**

**INTERROGATORY NO. 11:**
Describe every action you took during the Incident, including moving inmates away, approaching Plaintiff, restraining Plaintiff, placing or assisting with handcuffs, holding Plaintiff down, escorting Plaintiff, or using any force against Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 12:**
State in detail whether you observed Defendant Enriquez strike Plaintiff, use keys or any other object, or continue to use force after Plaintiff was on the ground or restrained, and describe exactly what you observed.

**ANSWER:**

**INTERROGATORY NO. 13:**
Identify all recordings or photographs depicting any part of the Incident or its aftermath, including surveillance footage, fixed-camera footage, handheld footage, body-camera footage, audio recordings, or photographs, and state who created or maintained each item and whether any such item was lost, overwritten, deleted, destroyed, or not preserved.

**ANSWER:**

**INTERROGATORY NO. 14:**
Describe all communications you had with any Defendant, supervisor, investigator, grievance officer, OIG personnel, medical provider, or TDCJ official concerning the Incident, including the date, participants, method of communication, and substance of each communication.

**ANSWER:**

**INTERROGATORY NO. 15:**
State whether you reviewed any video, report, statement, grievance, investigative file, or other material concerning the Incident before answering these interrogatories. If so, identify each item reviewed.

**ANSWER:**

**INTERROGATORY NO. 16:**
Describe all injuries you contend Plaintiff sustained, including when each injury occurred, how each injury occurred, who observed the injuries, what treatment was provided or requested, and when Plaintiff was transported for medical treatment.

**ANSWER:**

**INTERROGATORY NO. 17:**
State whether you contend that you or any staff member sustained any injury during the Incident, and for each alleged injury describe the injury, when it occurred, what caused it, what treatment was provided, and identify all facts supporting your contention that Plaintiff caused the injury.

**ANSWER:**

**INTERROGATORY NO. 18:**
Identify all policies, procedures, post orders, training materials, use-of-force rules, or guidelines that you contend governed staff conduct during the Incident, and state whether you contend your conduct complied with each such policy, procedure, rule, or guideline.

**ANSWER:**

**INTERROGATORY NO. 19:**
Describe all training you received before July 20, 2024, concerning use of force, de-escalation, duty to intervene, reporting excessive force, inmate medical emergencies, evidence preservation, and reporting staff misconduct, including the approximate date, provider, and subject matter of each training.

**ANSWER:**

**INTERROGATORY NO. 20:**
State whether, before July 20, 2024, you were involved in, accused of, investigated for, or named in any complaint, grievance, disciplinary proceeding, lawsuit, use-of-force review, or OIG investigation involving allegations of excessive force, inmate assault, dishonesty, or reporting misconduct, and for each matter state the date, location, nature of the allegation, disposition, and discipline imposed, if any.

**ANSWER:**

**INTERROGATORY NO. 21:**
State all facts supporting each affirmative defense asserted in your Answer or that you contend may apply in this case, including qualified immunity, good-faith use of force, lack of causation, or any other defense, and identify all witnesses and documents supporting each defense.

**ANSWER:**

**INTERROGATORY NO. 22:**
Describe the condition of the scene immediately after the Incident, including the presence and location of blood, physical evidence, clothing, restraints, disturbed ground, dirt, debris, and any visible injuries to Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 23:**
Describe all cleanup, washing, alteration, movement, or removal of blood, physical evidence, clothing, restraints, or other materials from the scene, including who performed the cleanup, who ordered or authorized it, when it occurred, what was removed or altered, and whether photographs or documentation were made beforehand.

**ANSWER:**

**INTERROGATORY NO. 24:**
State whether any blood samples, clothing, photographs, biological evidence, or other physical evidence from the scene were collected, preserved, tested, discarded, destroyed, or transferred, and identify all persons involved.

**ANSWER:**

**INTERROGATORY NO. 25:**
State whether any grievance, complaint, outside complaint, or report concerning the Incident was made by Plaintiff or any other person, and describe the response, if any, taken by TDCJ, any supervisor, investigator, or other official.

**ANSWER:**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | § | |
| **TDCJ NO. 02477197,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **P-25-CV-00005-DC** |
| | § | |
| **MANUEL ENRIQUEZ, JR., *et al.*,** | § | |
| ***Defendants.*** | § | |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT LUIS PEREZ**

**TO: Defendant Luis Perez, by and through his counsel of record, the Office of the Attorney General of Texas.**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Justin Dewayne Wenckens requests that Defendant Luis Perez admit or deny each of the following statements within the time allowed by the Federal Rules of Civil Procedure.

Respectfully submitted,

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

**Designation of Outside Communication Liaison:**

Due to ongoing operational disruptions and facility-wide lockdowns at the TDCJ Coffield Unit, and to facilitate the efficient exchange of discovery, Plaintiff explicitly designates his spouse, Michelle Wenckens, as his authorized outside liaison. Counsel for Defendants is requested and authorized to send all responsive correspondence and discovery answers to:

Michelle Wenckens
1897 Lauraine Ln.
Brenham, Texas 77833
Phone: (979) 337-4414
mmwenckens@gmail.com

Plaintiff maintains absolute control over this litigation, has reviewed and approved this communication. Official service remains designated to the Plaintiff at his facility address pursuant to Fed. R. Civ. P. 5.

## DEFINITIONS

1. "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

2. "**Communication**" includes any oral, written, electronic, or recorded statement, message, discussion, or exchange.

3. "**Defendant**" means the responding Defendant and all persons acting on his behalf.

4. "**Document**" has the broadest meaning permitted by Fed. R. Civ. P. 34 and includes writings, photographs, videos, audio recordings, electronically stored information, reports, logs, memoranda, emails, text messages, and copies.

5. "**Identify**" (when referring to a person) means state the person's full name, rank or job title, TDCJ employee number if known, and current unit assignment if known.

6. "**Identify**" (when referring to documents) means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

7. "**Incident**" means the events occurring on or about July 20, 2024, at the James Lynaugh Unit involving Plaintiff.

8. "**Person**" means any natural person or business, legal or governmental entity or association.

9. "**Plaintiff**" means Justin Dewayne Wenckens.

10. "**TDCJ**" includes the Texas Department of Criminal Justice, the James Lynaugh Unit, and any agents, employees, divisions, offices, or contractors acting on its behalf.

## REQUEST FOR ADMISSION

**Request No. 1:** Admit that you were employed as a Correctional Officer at the James Lynaugh Unit on July 20, 2024.

**Request No. 2:** Admit that You were on duty at the James Lynaugh Unit on July 20, 2024.

**Request No. 3:** Admit that You were present during the incident involving Plaintiff on July 20, 2024.

**Request No. 4:** Admit that on July 20, 2024, at the time of your interaction with the Plaintiff, you were acting within the course end scope of your official duties.

**Request No. 5:** Admit that your line of sight to Plaintiff was completely unobstructed at the time Officer Enriquez struck Plaintiff.

**Request No. 6:** Admit that your line of sight to Plaintiff was completely unobstructed at the time Officer Flores struck Plaintiff.

**Request No. 7:** Admit that you witnessed Officer Doe lay on top of Plaintiff.

**Request No. 8:** Admit that you observed Plaintiff's hands were secured in handcuffs while Officer Enriquez was still striking Plaintiff.

**Request No. 9:** Admit that you observed Plaintiff's hands were secured in handcuffs while Officer Flores was still striking Plaintiff.

**Request No. 10:** Admit that you did not observe Plaintiff attempt to strike, kick, or bite Officer Enriquez at any point during the restraint.

**Request No. 11:** Admit that you did not observe Plaintiff attempt to strike, kick, or bite Officer Flores at any point during the restraint.

**Request No. 12:** Admit that you did not give a verbal command or instruction to Officer Enriquez to stop striking Plaintiff.

**Request No. 13:** Admit that you did not give a verbal command or instruction to Officer Flores to stop striking Plaintiff.

**Request No. 14:** Admit that you did not physically place your body between Officer Enriquez and Plaintiff.

**Request No. 15:** Admit that you did not physically place your body between Officer Flores and Plaintiff.

**Request No. 16:** Admit that you did not touch or attempt to pull Officer Enriquez away from Plaintiff during the deployment of force.

**Request No. 17:** Admit that you did not touch or attempt to pull Officer Flores away from Plaintiff during the deployment of force.

**Request No. 18:** Admit that Plaintiff was handcuffed during some or all of the incident.

**Request No. 19:** Admit that Plaintiff was on the ground during some or all of the incident.

**Request No. 20:** Admit that Plaintiff was not armed with a weapon during the incident.

**Request No. 21:** Admit that You did not summon medical assistance for Plaintiff before or during the incident.

**Request No. 22:** Admit that you knew the TDCJ's Use of Force Policy prohibited striking a handcuffed individual.

**Request No. 23:** Admit that You knew, before July 20, 2024, that correctional officers are expected to use only the amount of force reasonably necessary under the circumstances.

**Request No. 24:** Admit that You knew, before July 20, 2024, that correctional officers must not use force maliciously or for the purpose of causing harm.

**Request No. 25:** Admit that You prepared, reviewed, or signed a report concerning the incident.

**Request No. 26:** Admit that any report You prepared concerning the incident states that Plaintiff was the initial aggressor.

**Request No. 27:** Admit that any report You prepared concerning the incident does not state that Plaintiff had a weapon.

**Request No. 28:** Admit that Plaintiff bleeding from the head was visible to you immediately following the incident.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | **§** | |
| **TDCJ NO. 02477197,** | **§** | |
| ***Plaintiff,*** | **§** | |
| | **§** | |
| **v.** | **§** | **P-25-CV-00005-DC** |
| | **§** | |
| **MANUEL ENRIQUEZ, JR., *et al.*,** | **§** | |
| ***Defendants*.** | **§** | |

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT LUIS PEREZ**

**TO: Defendant Luis Perez, by and through his counsel of record, the Office of the Attorney General of Texas.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Justin Dewayne Wenckens requests that Defendant Luis Perez produce the documents and electronically stored information described below within the time allowed by the Federal Rules of Civil Procedure. Electronically stored information shall be produced in paper form.

Respectfully submitted,

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

**Designation of Outside Communication Liaison:**

Due to ongoing operational disruptions and facility-wide lockdowns at the TDCJ Coffield Unit, and to facilitate the efficient exchange of discovery, Plaintiff explicitly designates his spouse, Michelle Wenckens, as his authorized outside liaison. Counsel for Defendants is requested and authorized to send all responsive correspondence and discovery answers to:

Michelle Wenckens
1897 Lauraine Ln.
Brenham, Texas 77833
Phone: (979) 337-4414
mmwenckens@gmail.com

Plaintiff maintains absolute control over this litigation, has reviewed and approved this communication. Official service remains designated to the Plaintiff at his facility address pursuant to Fed. R. Civ. P. 5.

## DEFINITIONS

1. "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

2. "**Communication**" includes any oral, written, electronic, or recorded statement, message, discussion, or exchange.

3. "**Defendant**" means the responding Defendant and all persons acting on his behalf.

4. "**Document**" has the broadest meaning permitted by Fed. R. Civ. P. 34 and includes writings, photographs, videos, audio recordings, electronically stored information, reports, logs, memoranda, emails, text messages, and copies.

5. "**Identify**" (when referring to a person) means state the person's full name, rank or job title, TDCJ employee number if known, and current unit assignment if known.

6. "**Identify**" (when referring to documents) means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

7. "**Incident**" means the events occurring on or about July 20, 2024, at the James Lynaugh Unit involving Plaintiff.

8. "**Person**" means any natural person or business, legal or governmental entity or association.

9. "**Plaintiff**" means Justin Dewayne Wenckens.

10. "**TDCJ**" includes the Texas Department of Criminal Justice, the James Lynaugh Unit, and any agents, employees, divisions, offices, or contractors acting on its behalf.

11. "**You**" and "**your**" mean Defendant Manuel Enriquez, Jr., and anyone acting on his behalf.

12. If any requested material is withheld on the basis of privilege, identify it in a privilege log sufficient to permit assessment of the claim.

13. If any responsive document no longer exists, state when and how it was lost, destroyed, or discarded, and identify who had custody of it.

## REQUESTS FOR PRODUCTION

**Request No. 1:** All video recordings, audio recordings, photographs, surveillance footage, handheld recordings, body-worn camera recordings, and screenshots concerning the Incident.

**Request No. 2:** All recordings and video from before, during, and after the Incident, including footage depicting Plaintiff, Defendant Perez, and any other officer, inmate, or staff member involved.

**Request No. 3:** All use-of-force reports, incident reports, after-action reports, preliminary investigation reports, and final investigation reports concerning the Incident.

**Request No. 4:** All disciplinary case summaries, referrals, tickets, charges, or investigative notes concerning Plaintiff arising out of the Incident.

**Request No. 5:** All documents reflecting the identity, job title, rank, badge number, employee number, shift, and duty post of every officer or staff member present during the Incident.

**Request No. 6:** All duty rosters, shift schedules, post assignments, gate logs, movement logs, and housing-unit logs for July 20, 2024.

**Request No. 7:** All documents reflecting the chain of command or supervisory personnel on duty on July 20, 2024, at the James Lynaugh Unit.

**Request No. 8:** All radio logs, call logs, communication logs, incident command logs, and communications records concerning the Incident.

**Request No. 9:** All preservation notices, retention directives, litigation hold notices, or evidence preservation communications relating to the Incident.

**Request No. 10:** All documents reflecting any download, duplication, copying, review, editing, transfer, or deletion of any recording or electronic evidence concerning the Incident.

**Request No. 11:** All medical records, injury reports, sick call records, clinic notes, nursing notes, physician notes, EMT records, transport records, and hospital referral documents concerning Plaintiff from July 20, 2024, through his transfer from the unit.

**Request No. 12:** All photographs, injury documentation, body charts, medical assessment forms, and intake screening forms concerning Plaintiff after the Incident.

**Request No. 13:** All documents concerning Plaintiff's transport to Pecos County Memorial Hospital, including ambulance records, transfer forms, discharge documents, and hospital referral documents.

**Request No. 14:** All documents concerning any investigation by the Office of the Inspector General, Internal Affairs, or any other investigative unit relating to the Incident.

**Request No. 15:** All witness statements, staff statements, inmate statements, summaries, interview notes, or transcripts concerning the Incident.

**Request No. 16:** All policies, procedures, directives, training materials, lesson plans, or memoranda in effect on July 20, 2024, concerning use of force, inmate restraint, officer intervention, reporting use-of-force incidents, preservation of evidence, and video retention.

**Request No. 17:** All documents reflecting training provided to Defendant Enriquez concerning use of force, use-of-restraint, and reporting requirements from January 1, 2020, to the present.

**Request No. 18:** All documents reflecting training provided to staff at the James Lynaugh Unit concerning evidence preservation and use-of-force incidents from January 1, 2020, to the present.

**Request No. 19:** All grievances, grievance responses, and grievance logs concerning the Incident.

**Request No. 20:** All documents reflecting communications between TDCJ and any defendant concerning the Incident, Plaintiff, the use of force, or the investigation of the Incident.

**Request No. 21:** All disciplinary hearing packets and any related offense reports regarding the incident.

**Request No. 22:** All records of past complaints or disciplinary actions taken against the Defendant Perez.

**EXHIBIT E**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | **§** | |
| **TDCJ NO. 02477197,** | **§** | |
| ***Plaintiff,*** | **§** | |
| | **§** | |
| **v.** | **§** | **P-25-CV-00005-DC** |
| | **§** | |
| **MANUEL ENRIQUEZ, JR., *et al.*,** | **§** | |
| ***Defendants.*** | **§** | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JEREMIAH FLORES**

**TO: Defendant Jeremiah Flores, by and through his counsel of record, the Office of the Attorney General of Texas.**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff propounds the following Interrogatories to Defendant Jeremiah Flores. Please answer each Interrogatory separately and fully in writing, under oath, within the time permitted by the Federal Rules of Civil Procedure. If any interrogatory is answered by reference to records, identify the records with sufficient detail to permit Plaintiff to locate and review them.

Respectfully submitted,

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

**Designation of Outside Communication Liaison:**

Due to ongoing operational disruptions and facility-wide lockdowns at the TDCJ Coffield Unit, and to facilitate the efficient exchange of discovery, Plaintiff explicitly designates his spouse, Michelle Wenckens, as his authorized outside liaison. Counsel for Defendants is requested and authorized to send all responsive correspondence and discovery answers to:

Michelle Wenckens
1897 Lauraine Ln.
Brenham, Texas 77833
Phone: (979) 337-4414
mmwenckens@gmail.com

Plaintiff maintains absolute control over this litigation, has reviewed and approved this communication. Official service remains designated to the Plaintiff at his facility address pursuant to Fed. R. Civ. P. 5.

## DEFINITIONS

1. "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

2. "**Communication**" includes any oral, written, electronic, or recorded statement, message, discussion, or exchange.

3. "**Defendant**" means the responding Defendant and all persons acting on his behalf.

4. "**Document**" has the broadest meaning permitted by Fed. R. Civ. P. 34 and includes writings, photographs, videos, audio recordings, electronically stored information, reports, logs, memoranda, emails, text messages, and copies.

5. "**Identify**" (when referring to a person) means state the person's full name, rank or job title, TDCJ employee number if known, and current unit assignment if known.

6. "**Identify**" (when referring to documents) means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

7. "**Incident**" means the events occurring on or about July 20, 2024, at the James Lynaugh Unit involving Plaintiff.

8. "**Person**" means any natural person or business, legal or governmental entity or association.

9. "**Plaintiff**" means Justin Dewayne Wenckens.

10. "**TDCJ**" includes the Texas Department of Criminal Justice, the James Lynaugh Unit, and any agents, employees, divisions, offices, or contractors acting on its behalf.

11. "**You**" and "**your**" mean Defendant Manuel Enriquez, Jr., and anyone acting on his behalf.

## INTERROGATORIES

**INTERROGATORY NO. 1:**
State your full name, current job title or rank, TDCJ employee number or badge number, current unit assignment, post, shift, and duties on July 20, 2024, at the James Lynaugh Unit.

**ANSWER:**

**INTERROGATORY NO. 2:**
Describe in detail your exact location, position, and duties during the two hours before, during, and the two hours after the Incident, including whether you could observe Plaintiff's position.

**ANSWER:**

**INTERROGATORY NO. 3:**
Describe in detail your version of everything that occurred during the Incident, including the sequence of events, all statements made by Plaintiff, all statements made by staff, all physical actions taken by any person, the timing of those events, and all facts supporting any contention that force was necessary or justified.

**ANSWER:**

**INTERROGATORY NO. 4:**
State whether Plaintiff was restrained, handcuffed, compliant, prone, secured, or otherwise physically controlled at any time during the Incident, and if so identify when that occurred and for how long.

**ANSWER:**

**INTERROGATORY NO. 5:**
Identify every correctional officer, supervisor, inmate, medical provider, investigator, or other person who was present for any part of the Incident or its aftermath, and state each person's name, job title or relationship to the Incident, and what each person did or observed.

**ANSWER:**

**INTERROGATORY NO. 6:**
Identify the officer referred to in Plaintiff's Complaint as "John Doe," including the officer's full name, rank, TDCJ employee number if known, and assignment on July 20, 2024. If you cannot identify that person from your personal knowledge, state all facts and information known to you that would assist in identifying that officer, including the names, ranks, and shift assignments of all male TDCJ employees assigned to your cell block, wing, or work area during the relevant shift.

**ANSWER:**

**INTERROGATORY NO. 7:**
State whether you contend Plaintiff disobeyed any order, threatened any person, resisted staff, assaulted staff, attempted to assault staff, possessed a weapon, threw coffee or any other liquid, or attempted escape, and for each contention state all facts, witnesses, recordings, reports, documents, and evidence supporting the contention.

**ANSWER:**

**INTERROGATORY NO. 8:**
State whether you observed any Defendant use force against Plaintiff. If so, identify the Defendant, describe the force observed, state whether Plaintiff was restrained or otherwise controlled at the time, and describe all facts showing what opportunity you had to intervene, stop, report, or prevent the force.

**ANSWER:**

**INTERROGATORY NO. 9:**
Describe every use of force applied to Plaintiff during the Incident, including each strike, push, takedown, restraint, handcuffing procedure, hold, pressure technique, chemical agent use, or other physical contact, and for each act identify who performed it, when it occurred, and why it occurred.

**ANSWER:**

**INTERROGATORY NO. 10:**
State whether, before, during, or after the use of force, you had the opportunity and ability to intervene or seek assistance to stop or limit the force used against Plaintiff. If so, describe the facts supporting that opportunity or ability.

**ANSWER:**

**INTERROGATORY NO. 11:**
Describe every action you took during the Incident, including moving inmates away, approaching Plaintiff, restraining Plaintiff, placing or assisting with handcuffs, holding Plaintiff down, escorting Plaintiff, or using any force against Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 12:**
State in detail whether you observed Defendant Enriquez strike Plaintiff, use keys or any other object, or continue to use force after Plaintiff was on the ground or restrained, and describe exactly what you observed.

**ANSWER:**

**INTERROGATORY NO. 13:**
Identify all recordings or photographs depicting any part of the Incident or its aftermath, including surveillance footage, fixed-camera footage, handheld footage, body-camera footage, audio recordings, or photographs, and state who created or maintained each item and whether any such item was lost, overwritten, deleted, destroyed, or not preserved.

**ANSWER:**

**INTERROGATORY NO. 14:**
Describe all communications you had with any Defendant, supervisor, investigator, grievance officer, OIG personnel, medical provider, or TDCJ official concerning the Incident, including the date, participants, method of communication, and substance of each communication.

**ANSWER:**

**INTERROGATORY NO. 15:**
State whether you reviewed any video, report, statement, grievance, investigative file, or other material concerning the Incident before answering these interrogatories. If so, identify each item reviewed.

**ANSWER:**

**INTERROGATORY NO. 16:**
Describe all injuries you contend Plaintiff sustained, including when each injury occurred, how each injury occurred, who observed the injuries, what treatment was provided or requested, and when Plaintiff was transported for medical treatment.

**ANSWER:**

**INTERROGATORY NO. 17:**
State whether you contend that you or any staff member sustained any injury during the Incident, and for each alleged injury describe the injury, when it occurred, what caused it, what treatment was provided, and identify all facts supporting your contention that Plaintiff caused the injury.

**ANSWER:**

**INTERROGATORY NO. 18:**
Identify all policies, procedures, post orders, training materials, use-of-force rules, or guidelines that you contend governed staff conduct during the Incident, and state whether you contend your conduct complied with each such policy, procedure, rule, or guideline.

**ANSWER:**

**INTERROGATORY NO. 19:**
Describe all training you received before July 20, 2024, concerning use of force, de-escalation, duty to intervene, reporting excessive force, inmate medical emergencies, evidence preservation, and reporting staff misconduct, including the approximate date, provider, and subject matter of each training.

**ANSWER:**

**INTERROGATORY NO. 20:**
State whether, before July 20, 2024, you were involved in, accused of, investigated for, or named in any complaint, grievance, disciplinary proceeding, lawsuit, use-of-force review, or OIG investigation involving allegations of excessive force, inmate assault, dishonesty, or reporting misconduct, and for each matter state the date, location, nature of the allegation, disposition, and discipline imposed, if any.

**ANSWER:**

**INTERROGATORY NO. 21:**
State all facts supporting each affirmative defense asserted in your Answer or that you contend may apply in this case, including qualified immunity, good-faith use of force, lack of causation, or any other defense, and identify all witnesses and documents supporting each defense.

**ANSWER:**

**INTERROGATORY NO. 22:**
Describe the condition of the scene immediately after the Incident, including the presence and location of blood, physical evidence, clothing, restraints, disturbed ground, dirt, debris, and any visible injuries to Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 23:**
Describe all cleanup, washing, alteration, movement, or removal of blood, physical evidence, clothing, restraints, or other materials from the scene, including who performed the cleanup, who ordered or authorized it, when it occurred, what was removed or altered, and whether photographs or documentation were made beforehand.

**ANSWER:**

**INTERROGATORY NO. 24:**
State whether any blood samples, clothing, photographs, biological evidence, or other physical evidence from the scene were collected, preserved, tested, discarded, destroyed, or transferred, and identify all persons involved.

**ANSWER:**

**INTERROGATORY NO. 25:**

State whether any grievance, complaint, outside complaint, or report concerning the Incident was made by Plaintiff or any other person, and describe the response, if any, taken by TDCJ, any supervisor, investigator, or other official.

**ANSWER:**

I **IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | **§** | |
| **TDCJ NO. 02477197,** | **§** | |
| ***Plaintiff,*** | **§** | |
| | **§** | |
| **v.** | **§** | **P-25-CV-00005-DC** |
| | **§** | |
| **MANUEL ENRIQUEZ, JR., *et al.*,** | **§** | |
| ***Defendants.*** | **§** | |

## <u>PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT JEREMIAH FLORES</u>

**TO: Defendant Jeremiah Flores, by and through his counsel of record, the Office of the Attorney General of Texas.**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Justin Dewayne Wenckens requests that Defendant Jeremiah Flores admit or deny each of the following statements within the time allowed by the Federal Rules of Civil Procedure.

Respectfully submitted,

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

**Designation of Outside Communication Liaison:**

Due to ongoing operational disruptions and facility-wide lockdowns at the TDCJ Coffield Unit, and to facilitate the efficient exchange of discovery, Plaintiff explicitly designates his spouse, Michelle Wenckens, as his authorized outside liaison. Counsel for Defendants is requested and authorized to send all responsive correspondence and discovery answers to:

Michelle Wenckens
1897 Lauraine Ln.
Brenham, Texas 77833
Phone: (979) 337-4414
mmwenckens@gmail.com

Plaintiff maintains absolute control over this litigation, has reviewed and approved this communication. Official service remains designated to the Plaintiff at his facility address pursuant to Fed. R. Civ. P. 5.

## DEFINITIONS

1. "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

2. "**Communication**" includes any oral, written, electronic, or recorded statement, message, discussion, or exchange.

3. "**Defendant**" means the responding Defendant and all persons acting on his behalf.

4. "**Document**" has the broadest meaning permitted by Fed. R. Civ. P. 34 and includes writings, photographs, videos, audio recordings, electronically stored information, reports, logs, memoranda, emails, text messages, and copies.

5. "**Identify**" (when referring to a person) means state the person's full name, rank or job title, TDCJ employee number if known, and current unit assignment if known.

6. "**Identify**" (when referring to documents) means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

7. "**Incident**" means the events occurring on or about July 20, 2024, at the James Lynaugh Unit involving Plaintiff.

8. "**Person**" means any natural person or business, legal or governmental entity or association.

9. "**Plaintiff**" means Justin Dewayne Wenckens.

10. "**TDCJ**" includes the Texas Department of Criminal Justice, the James Lynaugh Unit, and any agents, employees, divisions, offices, or contractors acting on its behalf.

11. "**You**" and "**your**" mean Defendant Manuel Enriquez, Jr., and anyone acting on his behalf.

## REQUEST FOR ADMISSION

**Request No. 1:** Admit that you were employed as a Correctional Officer at the James Lynaugh Unit on July 20, 2024.

**Request No. 2:** Admit that You were on duty at the James Lynaugh Unit on July 20, 2024.

**Request No. 3:** Admit that You were present during the incident involving Plaintiff on July 20, 2024.

**Request No. 4:** Admit that on July 20, 2024, at the time of your interaction with the Plaintiff, you were acting within the course end scope of your official duties.

**Request No. 5:** Admit that You made physical contact with Plaintiff during the incident.

**Request No. 6:** Admit that You struck Plaintiff during the incident.

**Request No. 7:** Admit that You used a fist or closed hand to strike Plaintiff during the incident.

**Request No. 8:** Admit that Plaintiff was handcuffed during some or all of the incident.

**Request No. 9:** Admit that Plaintiff was on the ground during some or all of the incident.

**Request No. 10:** Admit that Plaintiff was not armed with a weapon during the incident.

**Request No. 11:** Admit that Plaintiff did not physically strike You before You struck Plaintiff.

**Request No. 12:** Admit that Plaintiff did not strike, kick, or attempt to strike you at any point during the incident.

**Request No. 13:** Admit that Plaintiff did not pose an immediate physical threat to You when You struck Plaintiff.

**Request No. 14:** Admit that you continued to deploy physical force against Plaintiff after he was handcuffed.

**Request No. 15:** Admit that You did not issue a verbal warning to Plaintiff before striking him.

**Request No. 16:** Admit that You did not first attempt to use a lesser amount of force before striking Plaintiff.

**Request No. 17:** Admit that You did not use force against Plaintiff in response to a prison disturbance or riot.

**Request No. 18:** Admit that You did not strike Plaintiff because Plaintiff had already attacked You with a weapon.

**Request No. 19:** Admit that You did not summon medical assistance for Plaintiff before or during the incident.

**Request No. 20:** Admit that You were not ordered by a supervisor to strike Plaintiff.

**Request No. 21:** Admit that You knew, before July 20, 2024, that correctional officers are expected to use only the amount of force reasonably necessary under the circumstances.

**Request No. 22:** Admit that You knew, before July 20, 2024, that correctional officers must not use force maliciously or for the purpose of causing harm.

**Request No. 23:** Admit that You prepared, reviewed, or signed a report concerning the incident.

**Request No. 24:** Admit that any report You prepared concerning the incident states that Plaintiff was the initial aggressor.

**Request No. 25:** Admit that any report You prepared concerning the incident does not state that Plaintiff had a weapon.

**Request No. 26:** Admit that any report You prepared concerning the incident does not state that You suffered an injury before striking Plaintiff.

**Request No. 27:** Admit that any report You prepared concerning the incident does not state that You were unable to control Plaintiff without striking him.

**Request No. 28:** Admit that Plaintiff bleeding from the head was visible to you immediately following the incident.

**Request No. 29:** Admit that you recorded the aftermath of the incident.

**Request No. 30:** Admit that you video recorded Plaintiff's injuries.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | § | |
| **TDCJ NO. 02477197,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **P-25-CV-00005-DC** |
| | § | |
| **MANUEL ENRIQUEZ, JR., *et al.*,** | § | |
| ***Defendants.*** | § | |

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT JEREMIAH FLORES**

**TO: Defendant Jeremiah Flores, by and through his counsel of record, the Office of the Attorney General of Texas.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Justin Dewayne Wenckens requests that Defendant Jeremiah Flores produce the documents and electronically stored information described below within the time allowed by the Federal Rules of Civil Procedure. Electronically stored information shall be produced in paper form.

Respectfully submitted,

[signature]

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

**Designation of Outside Communication Liaison:**

Due to ongoing operational disruptions and facility-wide lockdowns at the TDCJ Coffield Unit, and to facilitate the efficient exchange of discovery, Plaintiff explicitly designates his spouse, Michelle Wenckens, as his authorized outside liaison. Counsel for Defendants is requested and authorized to send all responsive correspondence and discovery answers to:

Michelle Wenckens
1897 Lauraine Ln.
Brenham, Texas 77833
Phone: (979) 337-4414
mmwenckens@gmail.com

Plaintiff maintains absolute control over this litigation, has reviewed and approved this communication. Official service remains designated to the Plaintiff at his facility address pursuant to Fed. R. Civ. P. 5.

## DEFINITIONS

1. "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

2. "**Communication**" includes any oral, written, electronic, or recorded statement, message, discussion, or exchange.

3. "**Defendant**" means the responding Defendant and all persons acting on his behalf.

4. "**Document**" has the broadest meaning permitted by Fed. R. Civ. P. 34 and includes writings, photographs, videos, audio recordings, electronically stored information, reports, logs, memoranda, emails, text messages, and copies.

5. "**Identify**" (when referring to a person) means state the person's full name, rank or job title, TDCJ employee number if known, and current unit assignment if known.

6. "**Identify**" (when referring to documents) means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

7. "**Incident**" means the events occurring on or about July 20, 2024, at the James Lynaugh Unit involving Plaintiff.

8. "**Person**" means any natural person or business, legal or governmental entity or association.

9. "**Plaintiff**" means Justin Dewayne Wenckens.

10. "**TDCJ**" includes the Texas Department of Criminal Justice, the James Lynaugh Unit, and any agents, employees, divisions, offices, or contractors acting on its behalf.

11. "**You**" and "**your**" mean Defendant Manuel Enriquez, Jr., and anyone acting on his behalf.

12. If any requested material is withheld on the basis of privilege, identify it in a privilege log sufficient to permit assessment of the claim.

13. If any responsive document no longer exists, state when and how it was lost, destroyed, or discarded, and identify who had custody of it.

## REQUESTS FOR PRODUCTION

**Request No. 1:** All video recordings, audio recordings, photographs, surveillance footage, handheld recordings, body-worn camera recordings, and screenshots concerning the Incident.

**Request No. 2:** All recordings and video from before, during, and after the Incident, including footage depicting Plaintiff, Defendant Flores, and any other officer, inmate, or staff member involved.

**Request No. 3:** All use-of-force reports, incident reports, after-action reports, preliminary investigation reports, and final investigation reports concerning the Incident.

**Request No. 4:** All disciplinary case summaries, referrals, tickets, charges, or investigative notes concerning Plaintiff arising out of the Incident.

**Request No. 5:** All documents reflecting the identity, job title, rank, badge number, employee number, shift, and duty post of every officer or staff member present during the Incident.

**Request No. 6:** All duty rosters, shift schedules, post assignments, gate logs, movement logs, and housing-unit logs for July 20, 2024.

**Request No. 7:** All documents reflecting the chain of command or supervisory personnel on duty on July 20, 2024, at the James Lynaugh Unit.

**Request No. 8:** All radio logs, call logs, communication logs, incident command logs, and communications records concerning the Incident.

**Request No. 9:** All preservation notices, retention directives, litigation hold notices, or evidence preservation communications relating to the Incident.

**Request No. 10:** All documents reflecting any download, duplication, copying, review, editing, transfer, or deletion of any recording or electronic evidence concerning the Incident.

**Request No. 11:** All medical records, injury reports, sick call records, clinic notes, nursing notes, physician notes, EMT records, transport records, and hospital referral documents concerning Plaintiff from July 20, 2024, through his transfer from the unit.

**Request No. 12:** All photographs, injury documentation, body charts, medical assessment forms, and intake screening forms concerning Plaintiff after the Incident.

**Request No. 13:** All documents concerning Plaintiff's transport to Pecos County Memorial Hospital, including ambulance records, transfer forms, discharge documents, and hospital referral documents.

**Request No. 14:** All documents concerning any investigation by the Office of the Inspector General, Internal Affairs, or any other investigative unit relating to the Incident.

**Request No. 15:** All witness statements, staff statements, inmate statements, summaries, interview notes, or transcripts concerning the Incident.

**Request No. 16:** All policies, procedures, directives, training materials, lesson plans, or memoranda in effect on July 20, 2024, concerning use of force, inmate restraint, officer intervention, reporting use-of-force incidents, preservation of evidence, and video retention.

**Request No. 17:** All documents reflecting training provided to Defendant Enriquez concerning use of force, use-of-restraint, and reporting requirements from January 1, 2020, to the present.

**Request No. 18:** All documents reflecting training provided to staff at the James Lynaugh Unit concerning evidence preservation and use-of-force incidents from January 1, 2020, to the present.

**Request No. 19:** All grievances, grievance responses, grievance logs, and rulings concerning the Incident.

**Request No. 20:** All documents reflecting communications between TDCJ and any defendant concerning the Incident, Plaintiff, the use of force, or the investigation of the Incident.

**Request No. 21:** All disciplinary hearing packets and any related offense reports regarding the incident.

**Request No. 22:** All records of past complaints or disciplinary actions taken against the Defendant Flores.