**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JUSTIN DEWAYNE WENCKENS,** | § | |
| **TDCJ NO. 02477197,** | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **P-25-CV-00005-DC** |
| | § | |
| **MANUEL ENRIQUEZ, JR., *et al.*,** | § | |
| ***Defendants*.** | § | |

**PLAINTIFF'S OBJECTIONS TO**
**DEFENDANTS' SUMMARY JUDGMENT EVIDENCE**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Justin Dewayne Wenckens, proceeding pro se, submits these objections to portions of the summary-judgment evidence offered by Defendants Enriquez, Perez, Ortega, and Flores in support of their Motion for Summary Judgment. (Doc. 76.)

Plaintiff does not object to evidence merely because it conflicts with his account of the events. Nor does Plaintiff seek wholesale exclusion of Defendants' institutional records or video evidence. Rather, Plaintiff objects to Defendants' use of particular materials to establish disputed facts where the cited material does not establish the proposition asserted, consists of inadmissible hearsay or hearsay within hearsay offered for its truth, constitutes unsupported opinion or characterization, or presents an incomplete excerpt in a manner that does not fairly establish the asserted fact.

Under Federal Rule of Civil Procedure 56(c)(2), a party may object that material cited to support a fact cannot be presented in a form that would be admissible in evidence. Plaintiff therefore respectfully requests that the Court consider the following objections in determining whether Defendants have carried their summary-judgment burden.

## I. Objection To Defendants' Characterizations Of The Video Recordings As Establishing Facts The Recordings Do Not Depict.

Defendants repeatedly cite Exhibits D through H—the aftermath recording, surveillance recordings, and screenshot—together with documentary records as establishing that Plaintiff refused orders, threw hot coffee into Enriquez's face, punched Enriquez multiple times, resisted restraints, and that the force ceased when Plaintiff stopped resisting. Defendants similarly rely upon those materials to contend that Enriquez's use of force had already ceased before other officers arrived. *See* Defs.' MSJ at 18–21. Defendants' Motion expressly relies upon Exhibits D through H for these propositions.

Plaintiff objects to the extent Defendants present counsel's characterization or interpretation of the recordings as though it were itself evidence of facts that the recordings do not depict.

As explained in Plaintiff's Response and Declaration, the surveillance recordings submitted by Defendants do not constitute one continuous recording of the events. The J1 B Wing recording submitted by Defendants begins after the initial verbal encounter described by Plaintiff. The surveillance recordings end before the conclusion of the incident, and the separate handheld aftermath recording begins later.

The recordings therefore may be considered for what they actually depict, but the absence of an event from a recording that does not encompass the relevant time period does not, standing alone, establish that the event did not occur. Likewise, counsel's description of what occurred outside the temporal or visual scope of a recording is argument, not independent evidence.

**Objection:** Plaintiff objects to any characterization in Defendants' Motion that treats Exhibits D through H as conclusively establishing events that are outside the recordings' actual temporal or visual scope.

## II. Objection To Exhibit H To The Extent The Single Screenshot Is Offered To Establish The Contents Or Temperature Of The Cup.

Defendants submit Exhibit H, DEF_0744, a screenshot depicting Plaintiff with a cup, and cite that exhibit together with other evidence in support of their assertion that Plaintiff threw hot coffee into Enriquez's face. Defendants rely repeatedly upon that factual proposition in their excessive-force and qualified-immunity arguments.

Plaintiff does not object to the screenshot insofar as it accurately depicts a frame from the underlying recording. Plaintiff objects, however, to any contention that the screenshot itself

establishes that the cup contained coffee, that it was full, that any liquid was hot, or that hot coffee was thrown into Enriquez's face.

A still image showing Plaintiff carrying a cup does not establish the cup's contents, quantity, or temperature. Those propositions require evidence beyond the mere existence of the cup in the photograph.

Moreover, the underlying surveillance recordings provide materially greater context than the isolated screenshot, including the manner in which Plaintiff carries and swings the cup shortly before the confrontation.

**Objection:** Exhibit H should be considered only for what the image actually depicts and not as proof, standing alone, that the cup contained a full quantity of hot coffee or that hot coffee was thrown into Enriquez's face.

## III. Objection To Hearsay Within The EAC And Use-Of-Force Records When Offered To Prove The Truth Of Disputed Witness Accounts.

Defendants rely extensively upon Exhibit B, the EAC Records at DEF_0686–94, and Exhibit C, the Use-of-Force Report at DEF_0713–27, to establish the details of the physical confrontation. Among other things, Defendants rely upon these records for assertions that Plaintiff threw hot coffee, struck Enriquez multiple times, resisted officers' efforts to restrain him, and that particular officers arrived only after Enriquez's use of force had ended.

Plaintiff does not object merely because these documents are institutional records or because Defendants have offered a custodian declaration concerning their maintenance. Authentication of a record, however, does not by itself resolve the admissibility of every out-of-court assertion embedded within that record.

To the extent Exhibits B and C contain statements made by individual officers or other witnesses recounting the disputed incident, and Defendants offer those statements for the truth of

the matters asserted, Plaintiff objects under Federal Rules of Evidence 801 and 802 unless Defendants establish an applicable hearsay exclusion or exception for each level of hearsay.

This issue is particularly significant because Defendants rely upon the embedded accounts to establish the very disputed facts upon which their *Hudson* and qualified-immunity arguments depend.

Plaintiff further notes that the institutional records themselves contain materially differing accounts concerning the cup and the participation of officers. The Use-of-Force materials expressly acknowledge that Flores stated on camera that Ortega and Perez did not use force, while the report itself states that they did. *See* MSJ Ex. C at DEF_0713. These inconsistencies further demonstrate why the embedded narratives should not simply be treated as undisputed proof of the truth of every assertion they contain.

The fact that an investigative or institutional record is itself admissible does not necessarily render every out-of-court statement contained within that record admissible for its truth. See *Cruz v. Aramark Services, Inc.*, 213 F. App'x 329, 332–33 (5th Cir. 2007) (holding that unsworn witness statements and an investigator's notes contained in an investigative file were not competent summary-judgment evidence). Federal Rule of Evidence 805 likewise requires each part of combined hearsay to conform with an exception to the rule against hearsay. Defendants therefore cannot rely upon otherwise inadmissible out-of-court statements merely because those statements are contained within an institutional record.

**Objection:** Plaintiff objects to embedded witness statements within Exhibits B and C to the extent they are offered for their truth without an independently established basis for admissibility.

Plaintiff does not object to the Court's consideration of the institutional records for non-hearsay purposes, for matters independently admissible under an applicable exception, or for statements and findings otherwise properly considered under the Federal Rules of Evidence. Plaintiff's objection is limited to embedded out-of-court witness accounts offered for the truth of disputed factual assertions without an independently established basis for admissibility.

## IV. Objection To Unsupported Medical Characterizations And Inferences By Counsel.

Defendants rely upon Plaintiff's medical records to argue that his description of his injuries is "implausible." In particular, Defendants argue that Plaintiff's same-day discharge, treatment of his eyebrow laceration with glue rather than sutures, and observations made after his return to the unit are inconsistent with injuries Plaintiff described. Defendants further characterize Plaintiff's behavior on the aftermath video as contradicting his report that he lost consciousness or experienced insufficient oxygen.

Plaintiff does not object to the admissibility of properly authenticated medical records themselves. He objects to the extent Defendants seek to transform counsel's interpretation of those records into medical evidence.

The medical records speak for themselves. Plaintiff's outside-hospital records document, among other things, multiple contusions with soft-tissue hematoma involving the scalp, forehead, chest, and abdomen, an abnormal serum liver-function test, treatment of a laceration, and head-injury precautions.

Defendants have not identified expert medical testimony establishing that same-day discharge, use of tissue adhesive rather than sutures, Plaintiff's later speech or demeanor, or particular post-incident examination findings medically exclude loss of consciousness or the other injuries claimed by Plaintiff.

Similarly, counsel's observation that Plaintiff appeared "boisterous and lively" on the later aftermath recording does not constitute medical testimony establishing that Plaintiff could not previously have lost consciousness. Defendants themselves use that characterization to argue that the aftermath video "clearly contradicts" Plaintiff's allegations concerning loss of consciousness and oxygen deprivation.

Defendants' arguments in their summary-judgment brief are not themselves summary-judgment evidence. *See Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994) (explaining that evidence—not argument or unsworn memoranda—must satisfy the summary-judgment burden). Accordingly, Defendants may argue reasonable inferences from the medical records, but counsel's characterization of those records cannot substitute for competent evidence establishing a medical proposition not contained in the records themselves.

**Objection:** Plaintiff objects to counsel's unsupported medical opinions or medical causation inferences and requests that the Court consider the medical records for what they actually document rather than treating counsel's medical interpretation as evidence.

## V. Alternatively, Plaintiff Requests That The Court Consider The Complete Context And Limit The Evidence To What It Actually Establishes.

To the extent the Court determines that any of the challenged material may properly be considered at summary judgment, Plaintiff alternatively requests that the Court consider the evidence only for the purposes for which it is admissible and in its complete context.

Plaintiff's principal concern is not that the Court be prevented from reviewing Defendants' records or recordings. Rather, Plaintiff objects to Defendants' attempt to convert disputed witness accounts, isolated video excerpts, a single screenshot, and counsel's interpretations into undisputed facts.

Rule 56 requires the evidence and reasonable inferences to be viewed in Plaintiff's favor as the nonmovant. The Court should therefore decline to treat Defendants' characterizations of disputed evidence as established facts merely because those characterizations appear in Defendants' Motion or in institutional reports recounting disputed witness statements.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court sustain the foregoing objections to the extent Defendants rely upon inadmissible hearsay, unsupported opinion, counsel's characterization of evidence, or exhibits for propositions they do not actually establish.

Alternatively, Plaintiff requests that the Court limit its consideration of the challenged evidence to admissible purposes and evaluate the recordings, medical records, and institutional records according to what those materials actually depict or document, while drawing reasonable factual inferences in Plaintiff's favor as required at summary judgment.

Dated: September 17, 2026

Respectfully submitted,

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

***Plaintiff Pro Se***

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been served via USPS Priority Mail on the following counsel on September 17, 2026:

***Counsel for Defendants:***

**Ken Paxton**
Attorney General of Texas
**Brent Webster**
First Assistant Attorney General
**Ralph Molina**
Deputy First Assistant Attorney General
**Austin Kinghorn**
Deputy Attorney General for Civil Litigation
**Briana M. Webb**
Acting Division Chief
Law Enforcement Defense Division

**JORDAN GRUNDHOEFER**
Assistant Attorney General
Law Enforcement Defense Division
jordan.grundhoefer@oag.texas.gov
Law Enforcement Defense Division
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711

JUSTIN DEWAYNE WENCKENS
TDCJ ID NO. 02477197